Sekel, Appellant, *v.* Iagenemma.

Argued April 16, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

Samuel Krimsly, for appellant.

Elmer G. Klaber, for appellees.

OPINION BY HIRT, J., July 17, 1952:

Claimant, in the course of his employment, was struck across the mouth by the handle of a jack. The accident resulted in the destruction of an artificial bridge of four teeth and a natural tooth to which the bridge had been anchored, all in the front of claimant's mouth. He was treated by his own dentist who replaced the lost teeth with a new bridge of five artificial teeth at a cost of $168. *He lost no time from his employment.* In this proceeding the referee made an award in the above amount "for dental expenses" under §306(e) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, renumbered 306(f) in the amendment of May 14, 1949, P. L. 1369, 77 PS §531. The Board vacated the award and in lieu thereof directed defendant employer to pay claimant a total of $100 for disfigurement, under §306(c), 77 PS §513. The lower court affirmed the Board and entered judgment on the award. In the present appeal claimant contends that as a matter of law he is entitled to reimbursement for the cost of dental services incurred by him in addition to the allowance for disfigurement.

The 1949 amendment, in §306(f) provides that: "During the first ninety days after disability begins, the employer shall furnish reasonable surgical and

medical services, medicines, and supplies, as and when needed . . ." As to these services for which the employer is made liable, the language of the 1949 amendment follows §306(e) of the original Act of June 2, 1915, and all subsequent amendments prior to that of June 4, 1937, P. L. 1552. The 1937 amendment in §306(e), for the first time specifically referred to *dental* service as within the services to be furnished by the employer, in this language: "During the first three months after the date of injury, and during such further period as the board may, in the manner hereinafter provided, require in a particular case, the employer shall furnish reasonable surgical, medical, dental, and nursing services, hospital treatment, artificial appliances, medicines, and supplies, as and when needed, . . ." The further amendment by the Act of June 21, 1939, P. L. 520 deleted the word "dental" from the section and the subsequent amending Acts in 1945 and 1949 followed the language of the 1939 Act. From the "positive action on the part of the legislature" in that respect the Board held that dental services, though resulting from injury to an employe in the course of his employment, are not recoverable under the Act.

It well may be questioned whether the 1937 amendment, by placing dental service within the compensable classifications of the Act, actually extended the employer's liability as it had existed in the prior Acts. And it may be, in the light of the intent of the Workmen's Compensation law and the historical background of the practice of dentistry, that dental services must be regarded as a branch of "surgical and medical services" for which an employe, injured by accident, could recover under the original Act and all of its amendments including the 1949 Act. We however are not called upon to decide that question in this appeal. The judgment of the lower court entered on the award must be affirmed, but on other ground.

Not the least significant of the liberalizing changes of the 1937 amendment was the provision of §306(e) requiring the employer to furnish reasonable surgical medical and dental services and artificial appliances "during the first three months *after the injury*". The 1949 amendment imposed liability for reasonable surgical and medical services "during the first ninety days *after disability begins*". Except for the period during which the employer is made liable, the 1949 Act follows the language of all of the prior amendments except that of 1937. It is a fundamental rule of statutory construction that a change of language in a statute indicates a change in legislative intent. *Midvale Co. v. Unemployment Comp. Bd.*, 165 Pa. Superior Ct. 359, 67 A. 2d 380. We said in *Keiser v. Phila. & Reading C. & I. Co.*, 134 Pa. Superior Ct. 104, 107, 4 A. 2d 188: "It must always be borne in mind that the *disability* contemplated by our compensation law is the loss of earning power as the result of an injury". And in *Woodward v. Pgh. Eng. & Const. Co.*, 293 Pa. 338, 340, 143 A. 21, it is stated: "The *disability* contemplated by the act is the loss, total or partial, of the earning power from the injury". (All italics added).

In the instant case since claimant lost no time from his work he did not suffer any disability within the meaning of the Workmen's Compensation Law. He therefore is not entitled to recover the cost of dental services although made necessary by the accident even if comprehended within "surgical and medical services" under the 1949 Act. We reach this result with some reluctance, but whether the employer should furnish such services during a period *after* the accident regardless of disability affecting earning power is a question for the legislature and not for us. The finding of the Board as to disfigurement, upon which judgment was entered, has not been questioned.

Judgment affirmed.