## Davis v. Mourar

*Angelo A. DiPasqua* and *Kenneth Syken*, for plaintiff.

*E. S. Lawhorne* and *Gerald J. Haas*, Special Deputy Attorney General, for defendants.

TOAL, J., October 24, 1961.—This is an appeal by defendants from a decision of the Workmen's Compen-

sation Board awarding plaintiff the payment of medical and hospital expenses incurred by plaintiff (claimant) more than six months after the date of his injury. The facts are admitted and are as follows:

On or about July 8, 1958, at about 12:30 p.m., claimant sustained an injury while working at the Villanova residence of one Mrs. H. Morris. At that time, claimant was engaged in pruning branches from a tree, and in the course of such pruning was required to attach himself to the tree with a belt. While descending from the tree, he slipped and fell violently, and was jerked around sustaining an injury to the low back. This incident was reported to claimant's employer that evening.

Despite increasing and disabling pain, plaintiff continued to work until January 26, 1959, earning full wages. At that time, his physical condition had become unbearable and he was compelled to stop working.

His wife thereupon contacted the State Workmen's Insurance Fund, which insures claimant's employer for its workmen's compensation obligations. Mrs. Davis spoke to one Frank Santoro at that time. When she related the facts and circumstances of her husband's situation, Santoro directed her to take him to a hospital, indicating that the insurer would assume the bills.

Mrs. Davis then did undertake to have her husband admitted to the Lankenau Hospital under the orthopedic care of Dr. Heath. Before the hospital would accept Mr. Davis, Dr. Heath's secretary, Miss Ann Glud, called Mr. Santoro who referred her to Joseph McNulty, head claims agent for the State Workmen's Insurance Fund. Both individuals gave Miss Glud assurance that all bills for surgery and confinement would be paid. It was at their behest that claimant was admitted as a semiprivate patient, for it was their wish that he be so classified.

Claimant was confined at the Lankenau Hospital from February 1, 1959, to February 14, 1959. His bill for that confinement was $411.60. He was thereafter confined again from March 2, 1959, to March 26, 1959. His bill for that period of confinement was $527.62. At this time, plaintiff had a herniated disc removed.

At the hearing before the referee, liability was contested on the grounds that the accident had not been reported to the employer and further that the employer was not obligated to make medical payments in view of the fact that all medical expenses were incurred more than six months after the date of injury.

The referee ruled in favor of claimant's claim for compensation and medical expenses. Defendants appealed to the board solely from referee's findings with regard to medical and hospital expenses on the grounds that these expenses were incurred more than six months after the date of the accident, and were not expenses properly chargeable under the act.

The facts being admitted, there remains only a question of law to be determined by this court.

The provision of The Pennsylvania Workmen's Compensation Act of June 21, 1939, as amended, to be interpreted reads as follows:

"During the first six months after disability begins, the employer shall furnish reasonable surgical and medical services, . . . medicines and supplies, as and when needed, unless the employee refuses to allow them to be furnished by the employer . . . Provided, That the provisions of this section shall apply in injuries where no loss of earning power occurs": 77 PS §531.

In the case of Sekel v. Iagenemma, 170 Pa. Superior Ct. 621 (1952), the court ruled that an employe who lost no time from his work did not suffer any disability within the meaning of the act and, therefore, was not entitled to recover the cost of dental services although

692

made necessary by an accident within the course of employment.

In 1953 the legislature amended the act and added the following to section 531:

"Provided, that the provisions of this section shall apply in injuries where no loss of earning power occurs."

We see, therefore, that prior to the amendment of 1953 a claimant in order to be entitled to reasonable surgical and medical services, etc., had to be disabled as a result of injuries received in the course of his employment. After the above amendment a claimant became entitled to said services, etc., where he suffered injuries in the course of his employment but did not suffer any loss of earning power as the result of disability. It was clearly the intention of the legislature to add an additional right by the amendment and, not to reduce the right to one arising only at the time of an injury, whether it resulted in disability or not. We disagree with defendants in their attempt to limit the time to the date an injury occurs and hold that a claimant is entitled to receive surgical and medical services, etc., in two contingencies, (1) injury resulting in disability and (2) injury alone not resulting in disability and loss of earning power.

It follows that a claimant could suffer an injury, as in the present case, and not become disabled for a period of time after the said injury and would, therefore, be entitled to surgical and medical services, etc., under the act within six months, first, after the date of the injury, and, secondly, within six months after the date he became disabled.

The appeal of defendants must be dismissed.