Krivosh, Appellant, *v.* Sharon.

Argued April 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Elmer G. Klaber*, with him *Frank and Klaber*, for appellant.

*Albert E. Acker*, with him *Cusick, Madden, Joyce, Acker and McKay*, for appellee.

OPINION BY WATKINS, J., June 17, 1965:

This is an appeal from an order of the Court of Common Pleas of Mercer County reversing a decision of the Workmen's Compensation Board denying an award for medical and surgical expenses; and from the entry of judgment by the court below for such expenses in favor of the claimant-appellant, Michael E. Krivosh, and against City of Sharon and Potomac Insurance Company, defendants-appellees.

The claimant was a police officer employed by the City of Sharon for a period of ten years. On December 27, 1960 while in the course of his employment, the

officer fell and injured his back. As a result of the fall, he suffered pain in his lower back continuously and increasingly, but, except for three days, January 23, February 15 and February 20, 1961 he continued in his employment as a policeman until July 30, 1961. He then underwent surgery and was totally disabled from July 30, 1961 until October 2, 1961 when he was able to return to work without loss of earnings, although continuing to suffer a fifteen per cent. partial disability. He was paid workmen's compensation benefits at the rate of $42.50 weekly while totally disabled, but on his return to work, still fifteen per cent. disabled, without loss of earnings, partial payments were suspended.

The Referee and the Board awarded compensation benefits but denied an award for medical and surgical payments under the Workmen's Compensation Law of June 2, 1915, P. L. 736, as amended, §306(f), 77 PS §531, which reads as follows: "During the first six months after disability begins, the employer shall furnish reasonable surgical and medical services, . . . . The provisions of this section shall apply in injuries where no loss of earning power occurs."

There is no question that the real reason for his absence on January 23 was the pain which he suffered as a result of the accident on December 27, 1960. The finding of fact by the referee that, "His condition was such that on January 23, 1961, . . . he was so disabled that he could not do his regular work" is supported by competent evidence and is binding on the reviewing court. The Board then concluded that: "Since the claimant was first unable to work on January 23, 1961, due to condition of his back, he is not entitled to recover compensation payments for medical expenses incurred more than six months after the date of his first disability, and all statements for expenses submitted in this case were incurred after July 23, 1961, which

was the end of the six month period." The court below decided that as a matter of law the compensation authorities improperly construed §306(f).

The key words are "after disability begins". These words are clear and unambiguous. They have been in the Act since its inception in 1915 except for the two-year period when the amendments of the Act of June 4, 1937, P. L. 1552 were in effect. The amendment changed the words from "after disability begins" to "after the date of injury" with the intention of liberalizing the Act and it should be noted that if this amendment were the law today it would have been no help to this claimant. The words "after disability begins" were restored in the 1939 Act. By a decision of the board in *Samuelian v. Philadelphia Cleaners,* of July 1945, it was held that the existence of a single day of disability following the occurrence of an accident marked the beginning of disability. Vol. 1, 4th ed. Skinner's Workmen's Compensation Law, page 520. This has been consistently followed by the compensation authorities and there are no court decisions reversing this ruling.

We cannot agree with the court below that the word "continuous" should be judicially read into the Act. It is not within the power of the courts to usurp the functions that belong to the legislature. "If the interpretation placed upon the statute for all these years was not the interpretation intended by the legislature, it would have amended the section to read as the appellant would like it to read." *Mohan v. Publicker Industries, Inc.,* 202 Pa. Superior Ct. 581, 198 A. 2d 326 (1964).

It is difficult to read into the Act the word "continuous" which the court below would sympathetically like to do. This is workmen's compensation and a liberal construction is required but that does not include changing the language and purpose of the Act. In

workmen's compensation the date of the accident and injury usually coincides with the disability. It did here, but the claimant continued to work until forced to stay home by the extent of his injury on January 23, 1961. In workmen's compensation, disability may be partial as well as total and the limitation would begin to run in either case. The determination by the fact finder that the disability began on January 23 is supported by competent evidence and the fact that he returned to work the next day, despite his injury, is of no moment. After disc surgery he was only away from work three months and returned to work when still fifteen per cent. disabled.

Our sympathy is aroused by the seeming technicality of a law that denies an injured man his medical and surgical bills because he conscientiously stayed at work despite his injury. This was the motivation of Judge McKAY's opinion in attempting to support his entry of judgment in his favor. However he was, from the beginning, in a position to seek workmen's compensation on either a total or a partial basis. He chose to return to work and was fortunate in having an employer that permitted him, as a police officer, to perform only those services that his back condition would permit and still allow him to collect his full salary. He so continued with the exception of three days until his hospitalization for surgery on July 30, 1961. He had a monthly salary of $438 while compensation for total disability would have been $42.50 weekly so that by staying at work, despite his injury, with his employer's cooperation as to the kind of service rendered, he was far ahead financially.

In *Sekel v. Iagenemma,* 170 Pa. Superior Ct. 621, 90 A. 2d 587 (1952), this Court held that the disability contemplated by the Workmen's Compensation Act is the loss of earning power as the result of an injury and decided that an employee who lost no time

from his work did not suffer any disability within the meaning of the Act and was not entitled to recover the expenses incurred. In *Woodward v. Pgh. Eng. & Const. Co.,* 293 Pa. 338, 340, 143 A. 2d (1928), it was held that: "The disability contemplated by the act is the loss, total or partial, of the earning power from the injury." Judge HIRT speaking for this Court in the *Sekel* case, at page 624, said: "We reach this result with some reluctance, but whether the employer should furnish such services during a period after the accident regardless of disability affecting earning power is a question for the legislature and not for us."

Subsequent to the *Sekel* case the legislature did amend §306(f), supra, so that it now contains the language that: "The provisions of this section shall apply in injuries where no loss of earning power occurs." It should again be noted that although this change was inserted in the language of the Act there was no change in the language "after disability begins". This amendment raised the question as to whether the change in the law to provide that loss of earning power was not essential to establish disability did not start the period running from the date of the injury.

In *Davis v. Mourar,* 196 Pa. Superior Ct. 91, 173 A. 2d 798 (1961), the 1953 amendment was under consideration. This Court affirmed on the opinion of the court below as reported in 24 Pa. D. & C. 2d 689. Application for allocatur was denied on November 3, 1961. In this case the accident occurred on July 8, 1958 and the claimant continued to work at his full salary until January 26, 1959. The defendant contended that it was not obligated for the medical expenses since they were incurred more than six months after the date of injury. The court held that under §306(f) where an employee sustained an injury in the course of his employment but continued to work for a period in excess of six months after the date of injury without loss of

wages he would be entitled to an award for expenses if incurred within the period of six months after disability began. The court pointed out that the effect of the 1953 amendment in regard to loss of earnings was to create liability for medical and surgical services within six months after the date of the injury or within six months after the date he became disabled regardless of loss of earnings.

Applying the reasoning of the *Davis* case to the instant case our claimant was entitled to the expenses within six months from the date of the accident on the theory that although not disabled as defined under the law, he was disabled from the date of the accident under §306(f) which provides for payment in case of injuries where no loss of earning power occurs; or within six months after disability begins, again regardless of the loss of earnings. Neither interpretation helps the claimant. In the *Davis* case the referee found as a fact that the date of disability began within the six month period. Here, the referee found as a fact that the disability began outside the six month limitation.

The court below was in error when it said: "Accordingly, if we were to apply the ordinary common meaning of the words used we would say that the appellant's disability began the first day of the continuing period during which he sustained a loss of earning power, . . . ." As pointed out above, under the Act, disability may exist and start the period of limitation running where no loss of earning power occurs.

Where the decision of the Board is against the claimant who has the burden of proof the only question before the court on appeal is whether the findings of fact are consistent with each other and with the conclusions of law and whether the Board's findings can be sustained without a capricious disregard of the competent evidence. *Karasciewicz v. Crown Can Co.*, 188 Pa. Superior Ct. 212, 146 A. 2d 87 (1958). In this

case the finding of fact as to the date of disability was supported by competent evidence; the findings of fact and conclusions of law are consistent; and the law was properly construed and properly applied to the facts as found.

Judgment reversed and the decision of the Workmen's Compensation Board is reinstated.