## Rose Tree Media School District v. Department of Public Instruction

*George W. Thompson,* for plaintiff.
*Patrick Washington,* for defendants.

CALDWELL, J., October 19, 1970.—This is a mandamus action in which plaintiff seeks to compel the Department of Public Instruction (hereinafter called "the department") to reimburse it for certain pupil transportation expense which it claims is owing and unpaid. Plaintiff's claim covers each of the 10 school years from 1958-59 through 1967-68 and has been presented in three separate suits which have been consolidated for hearing and disposition.

For each of the 10 school years in question, plaintiff filed with the department an application for reimbursement for pupil transportation expense. The applications were made on forms provided by the department and were completed by plaintiff according to the instructions printed thereon. The information requested by the department included a statement of the actual expenses incurred by plaintiff in transporting pupils in plaintiff's fleet of school busses, total mileage, and other statistical information. Upon receipt, each application was reviewed in the department and certain cost limitations, established by the

Department for various items, were applied to the reported figures.[1]

The department refused to recognize any expense that exceeded its limitations, and plaintiff was reimbursed in an amount less than its actual expense. By these actions, plaintiff seeeks to compel payment of the difference between the reimbursement it received and the expenses it actually incurred, as follows:

| School Year | Plaintiff's Reported Expense | Amount Reimbursed | Plaintiff's Claim |
|---|---|---|---|
| 1958-59 | $27,588.17 | $26,371.15 | $1,217.02 |
| 1959-60 | 35,951.57 | 34,471.85 | 1,479.72 |
| 1960-61 | 40,151.73 | 34,685.02 | 5,466.71 |
| 1961-62 | 45,704.14 | 40,092.20 | 5,611.94 |
| 1962-63 | 40,988.67 | 38,104.08 | 2,884.59 |
| 1963-64 | 43,317.54 | 41,145.70 | 2,171.84 |
| 1964-65 | 47,651.44 | 44,945.01 | 2,706.43 |
| 1965-66 | 52,845.67 | 51,955.07 | 890.60 |
| 1966-67 | 47,233.81 | 45,067.72 | 2,166.09 |
| 1967-68 | 48,435.79 | 47,882.79 | 553.00 |

Total Claim    $25,147.94

In denying plaintiff's claim, the department does not question that plaintiff incurred the costs reported. The reimbursement limitations imposed by the department have been uniformly applied over the years to all Pennsylvania school districts and, so far as we

---

[1] The department established maximum reimbursement allowances for such items as gasoline, oil, tires, insurance, maintenance, repairs, etc., which limits were established primarily on a per mile basis.

can determine, plaintiff is the first and only school district to attack the department's position on reimbursement for bussing expense.

This matter was previously before our court when we sustained defendant's preliminary objections: Rose Tree Media School District v. Department of Public Instruction, 88 Dauph. 382 (1967). Our action was reversed on appeal to the Supreme Court and the matter was remanded for further proceedings.

The legal issue presented in this case is whether the department must reimburse plaintiff on the basis of its actual cost for pupil transportation, or whether the department has the right to pass upon and/or limit reimbursement to plaintiff school district for this expense. In our view, this issue was resolved in the course of the Supreme Court's decision: Rose Tree Media School District v. Department of Public Instruction, 431 Pa. 233, 244 A. 2d 754 (1968).

Section 2543 of the Public School Code of March 10, 1949, P. L. 30, as amended 24 PS §25-2543, provides the basis for reimbursement to local school districts for the transportation of pupils. The procedure for obtaining reimbursement is contained in section 2541 of the code, 24 PS §25-2541, which provides as follows:

"School districts shall be paid by the Commonwealth for every school year on account of pupil transportation which, and the means and contracts providing for which, *have been approved* by the Department of Public Instruction, in the cases hereinafter enumerated, an amount to be determined by *multiplying the cost of approved reimbursable* pupil transportation incurred by the district's aid ratio . . ." (Italics supplied.)

In its decision in this case, the Supreme Court observed that when "approval" is given by the department to the costs submitted by an applicant there is

no further discretion in the department and reimbursement must be calculated by multiplying the "approved" costs by the district's aid ratio. However, the court recognized that under the statute "approval" of plaintiff's costs in the first instance is discretionary, and that the department is under no legal obligation to approve the figures submitted by a local school district. The concurring opinion of Justice Roberts succinctly states this distinction:

"Since the thrust of appellant's [Rose Tree's] complaint is that they have received less than they would have gotten had the formula been applied to their own submitted figures, relief in mandamus must eventually depend on whether this lesser amount actually resulted from an arbitrary misapplication of the formula to appellant's figures, or from a correct application of the formula but to some *other* set of figures, approved only after the Department, in its discretion, had changed appellant's original submitted costs. *If the latter situation should prove true, in my view mandamus would not be proper*," (Pages 239-40. Italics supplied.)

As indicated by the opinions of the Supreme Court, the only factual determination for us to make in this case is whether the department "approved" the expenses reported by plaintiff for any of the years under consideration.

Although plaintiff contended that the costs it reported were approved by the department, it did not sustain its burden of proving such fact. It is our finding and conclusion that the department did not approve many of the cost figures submitted by plaintiff because they exceeded the department's maximum allowances for such expenses. As an illustration, we refer to the 1964-65 school year: for that period the department set maximums of $.05 per mile reimbursement for the expenses of gas and oil; $.07 per

mile for tires, repairs and maintenance; $50 per bus for insurance; $120 per bus for garaging, etc. The costs incurred and reported by plaintiff for these items exceeded the allowances established by the department and were not approved. In its review of the application, the department applied its maximum allowances to the statistics reported by plaintiff and gave "approval" to the lower figures resulting from this comparison. The pattern for the other years covered by these actions was the same, and no expenses were approved that exceeded the department's limitations.

Plaintiff contends that under the wording of the statute the department is without authority to adjust the actual "cost" of providing pupil transportation and *must* make reimbursement of the cost so long as the expense is reasonable. This point has never been directly litigated, but we are convinced the Supreme Court's decision in this case establishes that, under the school code, the department does have the right to disapprove plaintiff's actual costs as the measure of reimbursement and need not "approve" the figures submitted to it. The wisdom of such holding seems obvious to us, for the limitations imposed by the department encourage and compel efficient transportation policies and practices by local school districts. If the department were forced to reimburse school districts on the basis of cost, the task of monitoring such areas as necessity, reasonableness, good faith, accuracy of reporting, waste, etc., would be monumental, to say nothing of the increased financial expense that would undoubtedly result from said policy.[2] Additionally, plaintiff's interpretation of the act would render the wording of the statute mean-

---

[2] According to the Pennsylvania Manual, Vols. 95 and 97, there were 2,277 school districts in the Commonwealth in 1959-60 and 1,638 in 1965-66.

ingless when it provides for employing the "cost of *approved* reimbursable pupil transportation" in its reimbursement calculation.

Plaintiff's position in this case is further weakened by the legal principle that the contemporaneous construction of a statute by those charged with its execution and application, especially when it has long prevailed, is entitled to great weight and should not be disregarded or overturned except for clear language in the act itself or for very strong and convincing reasons: Loeb Estate, 400 Pa. 368, 162 A. 2d 207 (1960). It has also been held that if an interpretation placed upon a statute over the years is not the one intended by the legislature, such statute would have been amended to conform to the legislative intent: Krivosh v. Sharon, 205 Pa. Superior Ct. 498; 211 A. 2d 109 (1965). We conclude that the department's interpretation and application of the Public School Code, concerning reimbursement for transportation expense, is correct.

The action of mandamus is an extraordinary remedy and may be used only to require public officials to perform duties which are determined to be purely ministerial in nature. It cannot be used to compel the exercise of discretion by officials or to control their discretionary action: Gallagher v. Springfield Township Board of Commissioners, 438 Pa. 280, 264 A. 2d 699 (1970); Volunteer Firemen's Relief Association v. Minehart, 415 Pa. 305, 203 A. 2d 476 (1964). Having concluded that the department properly exercised the discretion delegated to it by the Public School Code, the remedy of mandamus is unavailable to plaintiff.

Although it is unnecessary to dispose of this action, we also conclude that plaintiff is guilty of laches as

to six of the seven claims included in the proceeding docketed to 481 Commonwealth Docket 1966, which was filed November 21, 1966. The Commonwealth's records for the years 1958-59 and 1959-60 were destroyed in the normal course of business prior to suit and we believe that a period of two years, more or less, is a reasonable time within which to require a party to institute a mandamus action for its grievances in a case of this nature, especially where public moneys are concerned. The equitable principles attending the issuance of the writ of mandamus dictate that plaintiff's claims for the school years 1958-59 through 1963-64 should be barred by a plea of laches: Taggart v. Board of Directors of Canon-McMillan Joint School System, 409 Pa. 33, 185 A. 2d 332 (1962).

## FINDINGS OF FACT

1. The Department of Public Instruction of the Commonwealth did not give its approval to the costs incurred by plaintiff for pupil transportation expense for the school years 1958-59 through 1967-68.

2. The Department of Public Instruction of the Commonwealth reviewed the statements of expenses for pupil transportation submitted by plaintiff for the school years 1958-59 through 1967-68 and disapproved all expenses that exceeded the limitations imposed by the department.

## CONCLUSION OF LAW

1. Plaintiff is not entitled to be reimbursed for the pupil transportation expense that was not approved by the Department of Public Instruction.

## DECREE NISI

And now, October 19, 1970, judgment is entered

in favor of defendants and plaintiff's request for relief is denied. This decree shall become final in accordance with the provisions of Rule 1038 of the Pennsylvania Rules of Civil Procedure.