540 A.2d 938

**COMMONWEALTH of Pennsylvania**

v.

**James W. KNOWLES, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1987.

Filed March 9, 1988.

Reargument Denied May 12, 1988.

204

Mark S. Love, Mount Pocono, for appellant.

Jane Roach, Assistant District Attorney, Allentown, for Com., appellee.

Before CIRILLO, President Judge, and BROSKY and BECK, JJ.

BROSKY, Judge:

This is an appeal from the judgment of sentence following appellant's jury conviction of driving under the influence (75 Pa.C.S.A. § 3731).[1]

1. The information charged appellant with violation of Section 3731(a)(1) through and including (a)(4). The docket sheet of the trial court limits the charge to violation of Section 3731(a)(1) and (a)(4). The verdict of the jury was not transcribed, and the verdict slip merely indicates that appellant was found guilty of driving under the influence without elaboration of any subsection(s) thereof. Subsection (a)(2) prohibits operation of a motor vehicle while under the influence of any controlled substance. Subsection (a)(3) sets forth a similar prohibition for operating a motor vehicle under the combined influence of alcohol and any controlled substance detailed in subsec-

This appeal presents three issues for our consideration: (1) whether an accused must be informed of his right to have a physician of his own choice administer another chemical test; (2) whether a defendant meeting all admission criteria for A.R.D. acceptance, except for an imposed limitation on blood alcohol content, should be allowed admission into the program; and (3) whether the Monroe County A.R.D. program blood alcohol limitation criterion violates Pa.R.Crim.P. 6(c). Because none of these issues has merit, we affirm.

Appellant first argues that he should have been notified of his right to have a second blood sample drawn and tested by a physician of his own choice. Appellant requested a blood test and was transported to Pocono Hospital where one was administered in the presence of the arresting officer and after appellant was advised, in compliance with 75 Pa.C.S.A. § 1547(b)(1) and (2), that his failure to submit to chemical testing would result in a twelve-month license suspension by Penn Dot. The result of that blood test evinced a reading of .30 percent blood alcohol.

Section 1547(h) and (i), 75 Pa.C.S.A. § 1547(h) and (i) provides:

§ 1547. Chemical testing to determine amount of alcohol or controlled substance.

.        .        .        .        .

(h) Test by personal physician.—The person tested shall be permitted to have a physician of his own choosing administer an additional breath, blood or urine chemical test and the results of the test shall also be admissible in evidence. The chemical testing given at the direction of the police officer shall not be delayed by a person's attempt to obtain an additional test.

tion (a)(2). A review of the record fails to adduce any evidence to sustain a charge for violating either subsection (a)(2) or (a)(3), although the Commonwealth did present evidence of appellant's blood alcohol level which was .30 percent. The arresting officer also noticed an odor of alcohol emanating from appellant and testified that appellant was unable to recite the alphabet properly.

(i) Request by driver for test.—Any person involved in an accident or placed under arrest for a violation of section 3731 may request a chemical test of his breath, blood or urine. Such requests shall be honored when it is reasonably practicable to do so.

As appellant readily concedes, nothing in the language of either subsection is even remotely suggestive of a mandate from the legislature that an accused be informed of his right to have a physician of his own choice draw and test blood. *See,* for example, Section 1547(b)(2), 75 Pa.C.S.A. § 1547(b)(2):

(b) Suspension for refusal.—

.    .    .    .    .

(2) *It shall be the duty of the police officer to inform the person* that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

■ By way of comparison, the above-recited section states in unequivocal terms the duty of a police officer upon making an arrest for violation of any provision of Section 3731. Appellant has no quarrel that the clear import of Section 1547(h) and (i) does not lend itself to any question that his right to be so informed is not mandatory. Instead, appellant urges us to change the law in this regard in light of "weighty public policy considerations." Appellant's Brief, p. 10. We decline this invitation. It is not for us to resolve matters of public policy. This prerogative is vested in the legislature. *Olin Mathieson Chem. Corp. v. White Cross Stores, Inc.,* 414 Pa. 95, 199 A.2d 266 (1964). Since appellant here questions the wisdom of a *legislative* enactment, not a judicial rule of law, any change urged by appellant must come from that former body. That which is advocated by appellant cannot be altered by judicial fiat, for it is not within the province of a judicial tribunal to pass upon the wisdom or not of the legislature in promulgating its enactments. *See Dale Mfg. Co. v. Workmen's Comp. Appeal Bd.,* 34 Pa.Cmwlth. 31, 382 A.2d 1256, *aff'd,* 491 Pa. 493, 421 A.2d 653 (1978), and *Burtt's Estate,* 353 Pa. 217, 44 A.2d 670 (1945).

Appellant directs us to the law of two jurisdictions, the State of Washington and the Commonwealth of Massachusetts, both of which mandate that a person charged with driving under the influence be informed of his or her right to be examined and/or have additional testing performed by a physician or other qualified person of the accused's own choosing. We note, however, that the laws in those jurisdictions are creatures of their respective legislatures, not of the courts. The function of the courts of any jurisdiction is to interpret an already existing legislative enactment, not to engraft on to it any novel conditions or mandates when its clear language does not lend itself to any such requirement similar to that suggested by appellant here. To do so would be a judicial usurpation of a legislative prerogative. *See Krivosh v. City of Sharon*, 205 Pa.Super. 498, 211 A.2d 109 (1965). The situation complained of here may only be remedied, if at all, by the legislature. *See Commonwealth ex rel. Fox v. Swing*, 409 Pa. 241, 186 A.2d 24 (1962).

■ The gravamen of appellant's next issue is that the policy of the Monroe County District Attorney establishing a blood alcohol reading of .25 percent as the cut-off point for admission into that County's A.R.D. program meets the abuse of prosecutorial discretion test established by our Supreme Court in *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985).

In *Lutz*, our Supreme Court, after concluding that a candidate's admission into an A.R.D. program rests in the sound discretion of the District Attorney, set forth prohibitions on this discretion which the court stated were wholly unrelated to the salutary purposes of A.R.D.—rehabilitation of the offender and the protection of society. Typical examples of such extraneous factors include race, religion and what the court termed "other such obviously prohibited considerations." 508 Pa. at 310, 495 A.2d at 935. Our reading of *Lutz* does not convince us that appellant's complaint concerning the .25 percent blood alcohol cut-off point qualifies as a prohibited consideration contemplated by the

*Lutz* court to be wholly unrelated to the rehabilitative needs of the accused and the protection of the public.

Prior and subsequent to *Lutz,* similar, if not harsher, admissions criteria weathered constitutional and prosecutorial abuse attacks in our courts. In *Commonwealth v. Kindness,* 247 Pa.Super. 99, 371 A.2d 1346 (1977), our court upheld, in the face of an equal protection challenge, the policy of the District Attorney of Dauphin County to refuse to accept into that County's A.R.D. program all drunk driving cases, maintaining, instead that the District Attorney's exclusion of that class of intoxicated persons was neither unreasonable nor arbitrary.[2] Subsequently, our Supreme Court upheld, again on equal protection grounds, a challenge to the refusal of the Cumberland County District Attorney to accept *any* first-time non-violent offenders for A.R.D. consideration. *Pyle v. Court of Common Pleas,* 494 Pa. 323, 431 A.2d 876 (1981). The *Pyle* court rejected the petitioners' argument that the A.R.D. Rules promulgated by the Supreme Court (Pa.R.Crim.P. 175–185) mandated prosecutorial acceptance of cases for A.R.D. upon motion of a party other than the District Attorney. This was later reaffirmed by the *Lutz* court. More recently, this court held that the decision of the Lycoming County District Attorney to refuse to admit persons with prior felony records to the County's A.R.D. program was not an abuse of the prosecutor's discretion even though, in that particular case, appellant's felony conviction had occurred thirteen years earlier. *Commonwealth v. Roeder,* 353 Pa.Super. 137, 509 A.2d 373 (1986).

As we stated before, the purposes of the A.R.D. program are twofold—the rehabilitation of the accused and the protection of the public from operators who are considered menaces to the public welfare on this Commonwealth's highways. *Commonwealth v. Lutz, supra. See generally,*

2. In 1982, the Motor Vehicle Code was amended to include Section 1552 which calls for the establishment and implementation of an A program in each judicial district for persons charged with violating Section 3731 of the Code.

*Commonwealth v. Mikulan,* 504 Pa. 244, 470 A.2d 1339 (1983) (citing reports and statistics on drunk driving tragedies). The thrust of appellant's contention here, we believe, has been squarely addressed by *Lutz* as follows:

> Society has no interest in blindly maximizing the number of ARD's passing through the criminal justice system.... Rather, society, for its own protection, has an interest in carrying out the penalties prescribed by the legislature for drunk driving, except in the cases where even society's representative in the case, the district attorney, acting in conjunction with the court, and subject always to the restrictions set out in Section 3731(d) (concerning persons who may not be admitted to A.R.D.) determines that A.R.D. is preferable to conviction because of the strong likelihood that a given criminal defendant will in fact be rehabilitated by an A.R.D. program.

508 Pa. at 307, 495 A.2d at 933. With this in mind, we see no reason to diverge here from established precedent. We hold that the .25 percent cut-off policy instituted by the Monroe County District Attorney well serves the twofold purpose of the A.R.D. program as contemplated by the Rules of Procedure and the *Lutz* court. Corollary to this, we also find no abuse of discretion evident in setting the subject admission criterion.

■ Appellant's third argument, that the .25 percent cut-off criterion does not comply with Pa.R.Crim.P. 6(c), is waived because of his failure to preserve it in his post-verdict motion. *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979). While appellant did set forth this issue in his Statement of Matters Complained of on Appeal filed pursuant to Pa.R.App.P. 1925(b), this Rule does not relieve an appellant of the necessity for preserving issues in written post-verdict motions. *See Commonwealth v. Cargo,* 498 Pa. 5, n. 7, 444 A.2d 639, n. 7 (1982). Hence, appellant's final argument is not properly before us for consideration.

Judgment of sentence affirmed.