J-A11020-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :             PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| MORGAN EWELL FALZONE | : |
| | : |
| Appellant | : No. 981 MDA 2025 |

Appeal from the Judgment of Sentence Entered June 25, 2025
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000434-2024

BEFORE:  BECK, J., NEUMAN, J., and BENDER, P.J.E.

MEMORANDUM BY NEUMAN, J.:                    **FILED: JUNE 5, 2026**

Appellant, Morgan Ewell Falzone, appeals from the judgment of sentence of six months' probation and a $300 fine, imposed after he was convicted, following a non-jury trial, of driving under the influence (DUI) - general impairment (75 Pa.C.S. § 3802(A)(1)).  We affirm.

We glean the following pertinent facts and procedural history from the record.  On August 11, 2024, Appellant's vehicle was stopped by two Pennsylvania State Troopers for "strik[ing] the fog line three times and at one point actually put[ting] the tire on the fog line itself."  N.T. Trial, 6/25/25, at 2, 3.  During the stop, the troopers observed that Appellant "had bloodshot, glassy eyes, [and] raspy speech."  *Id.* at 16.  They also smelled alcohol on his breath, and saw a "bottle with a brown liquid" and a "[c]ase of Miller Lite" inside his vehicle.  *Id.* at 4, 19.  Field sobriety tests showed further "indicators of impairment[,]" and Appellant admitted he had consumed alcohol before

driving. *Id.* at 17, 19. The troopers asked Appellant to submit to a preliminary breath test, but he refused. *Id.* at 20. Ultimately, Appellant was placed under arrest and transported to the hospital, where he was read the Department of Transportation's (DOT) DL-26B Implied Consent Warnings Form requesting a chemical test of Appellant's blood. *Id.* Appellant refused the blood draw. *Id.* He was then transported to the county jail and subsequently charged with one count of DUI, as well as several summary traffic offenses. *Id.* at 22.

On November 20, 2024, Appellant filed a motion to compel his nomination for Accelerated Rehabilitative Disposition ("ARD"). At a hearing on Appellant's motion, the Commonwealth explained it had not nominated Appellant for the ARD program because

> Huntingdon County maintains a policy excluding from ARD any DUI offender whose blood alcohol concentration [("BAC")] is .25 percent or greater. The [Commonwealth] made it clear that the County does not have a policy of refusing ARD to people who refuse blood testing. Rather, the [Commonwealth] explained, because [Appellant] refused both blood and breath testing, it was impossible to determine whether he met or exceeded the .25-BAC threshold. [Appellant's] refusals of both types of testing therefore rendered him ineligible for ARD.

Commonwealth's Supplemental Brief at 3.[1]

---

[1] Due to a change in counsel for the Commonwealth (from the Huntingdon County District Attorney's Office to the Pennsylvania Office of Attorney General), this Court permitted the Commonwealth to file a supplemental brief, and Appellant also filed a supplemental reply brief. *See* Order, 3/18/26, at 1 (single page).

On January 6, 2025, the court denied Appellant's motion to compel his nomination for ARD, and the case proceeded to a non-jury trial on June 25, 2025. At the conclusion thereof, the court convicted Appellant of DUI - general impairment, and one summary traffic offense. Appellant was sentenced that same day to a $300 fine and the term of probation set forth *supra*. Appellant filed a timely notice of appeal, and he and the court complied with Pa.R.A.P. 1925. Herein, Appellant states one issue for our review:

> Did the trial court err and commit an abuse of discretion in denying Appellant's motion to compel [his] nomination for … []ARD[] where the [Commonwealth's] lone basis for the denial of ARD nomination was the constitutionally protected conduct of refusal of a warrantless blood draw, an obviously prohibited consideration due to its status as a constitutional right for which criminal penalties may not be increased for asserting, and this basis for denial was wholly unrelated to public safety and [the] likelihood of success in ARD?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Appellant contends the trial court erred by denying his motion to compel his nomination for ARD. Our Supreme Court has explained:

> [T]he decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

***Commonwealth v. Lutz***, 495 A.2d 928, 935 (Pa. 1985) (citation omitted; emphasis in original). As the Commonwealth in this case recognizes, it may

- 3 -

not refuse to submit a case for ARD as a means of penalizing a person "for exercising a protected statutory or constitutional right." Commonwealth's Brief at 7 (quoting **United States v. Goodwin**, 457 U.S. 368, 372 (1982)). Thus, "[i]n order to demonstrate an impermissible exercise of discretion, a defendant would have to establish two things: (1) he was subject to heightened punishment; and (2) that punishment was inflicted due to … his exercise of [a] constitutional right." **Id.** (citation omitted).

Here, Appellant argues he was subject to heightened criminal punishment when he exercised his constitutional right to refuse a warrantless blood test, which was recognized in **Birchfield v. North Dakota**, 579 U.S. 438 (2016). There, the Supreme Court held it is unreasonable to impose criminal penalties on a driver who refuses an intrusive blood test, concluding "[t]here must be a limit to the consequences to which motorists may be deemed to have consented by virtue of a decision to drive on public roads." **Id.** at 477. **See also Commonwealth v. Giron**, 155 A.3d 635, 640 (Pa. Super. 2017) ("We hold that, pursuant to **Birchfield**, in the absence of a warrant or exigent circumstances justifying a search, a defendant who refuses to provide a blood sample when requested by police is not subject to the enhanced penalties provided in 75 Pa.C.S.[] §§ 3803-3804.") (footnote omitted).

Instantly, Appellant argues his refusal of a blood test was the sole reason the Commonwealth denied his nomination for ARD. He insists he "was otherwise eligible" for the program, and his preclusion from it resulted in

enhanced criminal penalties, including "a non-expungable record of conviction" and "six months of regular probation, which is generally more strenuous in supervision than an ARD probation term would be." Appellant's Brief at 11-12. He further contends that, even if these factors do not constitute enhanced criminal penalties prohibited under *Birchfield*, his "criminal penalties nevertheless did increase by way of imposition of the fine, which would be prohibited in ARD." *Id.* at 12. *See also* Pa.R.Crim.P. 316(A) ("The conditions of the [ARD] program may be such as may be imposed with respect to probation after conviction of a crime, including restitution, *except that a fine may not be imposed*.") (emphasis added). Thus, Appellant concludes the Commonwealth's refusal to nominate him for ARD solely because he refused a warrantless blood test resulted in increased criminal penalties and was therefore impermissible under *Birchfield*.

Appellant further contends the Commonwealth's policy of denying ARD to anyone with a BAC of .25% or higher, which effectively imposes enhanced criminal penalties on anyone who refuses a blood draw, constitutes an abuse of discretion because it "is unrelated to public safety or likelihood of success in the program." Appellant's Brief at 13. He acknowledges that in *Commonwealth v. Knowles*, 540 A.2d 938 (Pa. Super. 1988), this Court "applied the then-applicable 'neither unreasonable nor arbitrary' standard for ARD criteria and upheld a county policy prohibiting ARD nomination for drivers with a blood alcohol concentration in excess of .25%." *Id.* (citing *Knowles*, 540 A.2d at 940). He insists, however, that *Knowles* is inapplicable, as it

- 5 -

pre-dates ***Birchfield***, and was decided on equal protection grounds rather than a Fourth Amendment analysis. Finally, Appellant insists that "[e]ven if a .25% cutoff for ARD eligibility is valid, a no refusals policy is not a necessary enforcement corollary because police in this case could have obtained a blood sample via a warrant but simply chose not to." ***Id.*** at 15 (emphasis omitted). Because he concludes he was wrongfully denied ARD nomination, Appellant concludes we must vacate his judgment of sentence and remand "to a pre-trial stage" where he can be nominated for that program. ***Id.***

No relief is due. First, we discern no violation of ***Birchfield's*** holding that an individual has a constitutional right to refuse a warrantless blood draw without criminal consequences. Namely, the criminal penalties Appellant faced were not heightened as a result of his being denied nomination for the ARD program. As the Commonwealth stresses:

> From the moment [Appellant] was arrested for a suspected violation of section 3802(a)(1) of the Motor Vehicle Code, he faced the range of penalties prescribed in section 3804(a)(1). Specifically, he faced a potential penalty of up to six months' probation, a $300 fine, and educational and treatment requirements. ***See*** 75 Pa.C.S. § 3804(a)(1). That statutory exposure did not change after he refused chemical testing or after the district attorney refused to move for his admission into ARD. The Commonwealth did not amend the information due to the refusal. It did not increase grading. It did not add counts.

Commonwealth's Supplemental Brief at 9 (unnecessary capitalization omitted).

Second, Appellant's argument that he suffered enhanced criminal penalties is centered on his presumption he would have been accepted into,

and successfully completed, the ARD program.  However, the Commonwealth observes that,

> [n]omination into ARD is not a guarantee that a defendant will avoid a conviction and sentence on the charge.  The proceedings on the DUI charges are merely stayed while a defendant is in the program.[2]  The possibility of a conviction and imposition of the sentence under sections 3802(a)(1) and 3804(a)(1) exists unless and until the defendant is both admitted into ARD and complies with the numerous, intensive conditions of the program.  ***See Commonwealth v. Jenkins***, 345 A.3d 651, 657 (Pa. Super. 2025) (explaining that the conditions of ARD include "attendance and successful completion of an alcohol safety school; an evaluation to determine the extent of the defendant's involvement with alcohol or other drugs and to assist the court in determining what conditions of ARD would benefit the defendant and the public, such as counseling or treatment; participation and cooperation with a licensed alcohol or drug addiction treatment program, if the defendant is assessed to be in need of treatment; supervision by the court for at least 6 to 12 months; payment of restitution to any person who incurred financial loss as a result of the defendant's actions; and payment of certain costs [and fees]") [(citation omitted)].

***Id.*** (unnecessary capitalization omitted).

Ultimately, we agree with the Commonwealth that our inquiry into whether Appellant faced enhanced criminal punishment due to his refusal of the warrantless blood draw "does not turn upon the ***possible*** sanctions in an imagined world where [Appellant] was nominated, admitted, and successfully

---

[2] ***See Commonwealth v. Verbeck***, 290 A.3d 260, 280 (Pa. 2023) ("ARD is a pretrial disposition of certain cases, governed primarily by Chapter 3 of the Pennsylvania Rules of Criminal Procedure, which ***suspends formal criminal proceedings*** before conviction and provides the accused with certain rehabilitative conditions, the completion of which results in the dismissal of the pending criminal charges and a clean record for the defendant.") (emphasis added).

complied with the numerous conditions of the ARD program." *Id.* at 10-11 (emphasis added). Rather, we must focus on whether Appellant suffered criminal penalties by not being **nominated** for ARD. Appellant does not present a meaningfully developed argument that he suffered enhanced criminal penalties simply due to his lack of nomination. Instead, he centers his whole argument on the presumption he would have successfully completed the ARD program, and claims the fact he was denied nomination resulted in the criminal penalties of a $300 fine, a more strenuous term of probation, and a DUI conviction on his record.

Again, however, these consequences were not enhanced or imposed because Appellant refused the warrantless blood draw; instead, they were *always* the criminal consequences of a DUI conviction. For refusing the blood draw, Appellant was simply denied the benefit of avoiding a DUI conviction, and penalties therefore, through the ARD program. In other words,

> the only thing that [Appellant] truly lost by not being admitted into ARD was the one avenue to **potentially** avoid conviction and sentence. The loss of such an opportunity is not a "punishment" in any sense of the word. Withholding a wholly discretionary[,] pre-trial benefit (such as diversion, plea, or leniency) is not an "increase in punishment," even if it ultimately results in the defendant['s] facing the full statutory range at trial. As such, the refusal to admit [Appellant] into ARD [was] not a punishment that could entitle him to relief under **Birchfield**.

*Id.* at 11 (bold emphasis added).

We agree. Therefore, the Commonwealth's refusal to nominate Appellant for the benefit of the ARD program, which he may not have even successfully completed, is insufficient to prove Appellant suffered enhanced

criminal penalties due to his refusal to submit to a blood test. ***Birchfield*** does not apply, and no relief is due.[3]

We also conclude the Commonwealth's policy of declining to nominate for ARD anyone with a BAC of .25% or higher, which resulted in Appellant's not being nominated because he refused blood testing to confirm his BAC, is related to public safety and not an abuse of discretion. As the Commonwealth explains:

> ARD policies to deny applicants who are above a certain BAC … have been upheld by this Court. More specifically, the policy upheld in ***Knowles*** was a limit of .25[%] BAC to be eligible for ARD. The policy at issue in the instant case is a long-standing Huntingdon County ARD policy that prevents applicants who had a BAC at or above .25[%] from being admitted into the ARD program (the very same as in ***Knowles***). The reason for the policy is that it is far more dangerous for an individual to operate a motor vehicle with a BAC of .25[%] or above, than it is if the individual has a substantially lower BAC, say .08[%] or .10[%] for example. This policy is for the protection of society.
>
> This being the case, if an individual refuses to submit to blood testing, the Commonwealth cannot tell whether the applicant qualifies for ARD. It is impossible to tell if the individual's BAC was above .25[%], and/or [whether] they had a combination of controlled substances and/or narcotics in their system. If an individual has a BAC above .25[%], and/or they had a combination of controlled substances and/or narcotics in their system, they are incredibly dangerous while operating a motor vehicle on the highway/roadway.

---

[3] Given our disposition, we need not address the Commonwealth's argument, and Appellant's counter-position thereto, that Appellant "could have established a BAC less than .25% by submitting to a breath test," and thus, Appellant failed "to demonstrate that admission into ARD would have required him to surrender a constitutional right." Commonwealth's Supplemental Brief at 12; ***see also*** Supplemental Reply Brief for Appellant at 1-2.

Commonwealth's Brief at 3-4 (unnecessary capitalization omitted).

Again, we agree with the Commonwealth's argument. In **Knowles**, we held that a policy establishing a BAC of .25% as the cut-off point for admission into the county's ARD program "serves the twofold purpose of the [ARD] program as contemplated by the … **Lutz** court." **Knowles**, 540 A.2d at 941. Namely, the policy serves the purposes of rehabilitating the accused and protecting the public "from operators who are considered menaces to the public welfare on this Commonwealth's highways." **Id.** (citing **Lutz**, **supra**). Declining to nominate individuals for ARD if their BAC cannot be confirmed due to their refusal of blood testing upholds this policy; indeed, without it, the policy would "be rendered meaningless because refusals would automatically circumvent this policy." Commonwealth's Brief at 5. Because we have concluded, for the reasons set forth *supra*, that declining to nominate an individual for ARD does not equate to imposing an enhanced criminal punishment for refusing a blood test in violation of **Birchfield**, we conclude that **Knowles** remains good law. The Commonwealth's policy serves to protect the public and does not constitute an abuse of its discretion in determining who to nominate for the ARD program.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/05/2026