503 A.2d 414

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Kenneth PELKEY, Appellee.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1985.

Filed Nov. 29, 1985.

Reargument Denied Feb. 6, 1986.

374

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellant.

James A. Wymard, Pittsburgh, for appellee.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

OLSZEWSKI, Judge:

This matter comes before us on appeal from an order suppressing the results of a blood alcohol test performed on appellee. For the reasons outlined below, we reverse the suppression court's decision.

Appellee, Kenneth Pelkey, was involved in a serious motor vehicle accident on the evening of March 13, 1983, which resulted in the death of two individuals. A police officer at the scene, who helped the medics free appellee from the wreckage, noted that appellee was semiconscious and had an odor of alcohol on his breath. This same officer also approached the other accident victims and noted that although one was in a great deal of pain, the third victim exhibited no signs of life. After 45 minutes had passed, the medics finally removed appellee from the car and prepared to transport him to the hospital for treatment. At this time, the officer instructed the medics to have a blood alcohol test performed on the appellee. When the police later arrived at the hospital and learned that appellee's blood alcohol content (BAC) was .223, he was then placed under arrest. Appellee now stands charged with two counts of homicide by vehicle (75 Pa.C.S.A. Sec. 3732); one count of driving under the influence (75 Pa.C.S.A. Sec. 3731(a)(1)); violation of traffic controls (75 Pa.C.S.A. Sec. 3112); and two counts of homicide by vehicle while driving under the influence (75 Pa.C.S.A. Sec. 3735).

A suppression hearing was later held, at which time appellee alleged that the taking of his blood and the subse-

quent testing of it for alcoholic content constituted a violation of his Fourth and Fourteenth Amendment constitutional rights. The lower court affirmed the suppression motion and held that the blood sample had been taken without appellee's consent and prior to his arrest, in violation of his constitutional right against unlawful searches and seizures. The Commonwealth now challenges the trial court's decision. Appellant contends that the lower court erred in suppressing the results of the blood test where reasonable grounds existed for one to believe that the appellee (1) was driving under the influence of alcohol and/or a controlled substance, or (2) was involved in an accident in which someone was injured or killed. Appellant further argues that emergency room personnel were permitted to extract appellee's blood without his consent under 75 Pa.C.S.A. Sec. 3755. We will address these arguments seriatim.

■ In the first instance, it is noteworthy that the Commonwealth's appeal of a suppression order is proper as an appeal from a final order when the Commonwealth certifies in good faith that the suppression order terminates or substantially handicaps its prosecution. *Commonwealth v. Dugger*, 506 Pa. 537, 546–547, 486 A.2d 382, 386 (1985). Since the certification requirement has been satisfied, we find that the Commonwealth has an absolute right of appeal to this Court to test the validity of the pre-trial suppression order.

■ It is well settled that the taking of a blood sample is a search and seizure subject to the protections of the Fourth Amendment. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *Commonwealth v. Murray*, 441 Pa. 22, 271 A.2d 500 (1970). Although we agree with the trial court that a search incident to a lawful arrest is one method of validating this type of search, we shall not limit ourselves in holding that this procedure represents the only alternative. Because we find that the "implied consent" provision of the Motor Vehicle Code, 75 Pa.C.S.A. Sec. 1547(a), Act of June 17, 1976, P.L. 162, No.

81, Sec. 1; as amended December 15, 1982, P.L. 1268, No. 289, Sec. 5, supports the validity of the search at issue in this case, we reverse the suppression court's holding. This section in pertinent part provides:

### Sec. 1547. Chemical testing to determine amount of alcohol or controlled substance

(a) General rule.—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both;[1] or

(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

Subsection (a)(1) of the above statute authorizes a seizure and a search incident to that seizure without arrest when an officer has "reasonable grounds" to believe that a suspect was driving under the influence of intoxicating liquor. *Commonwealth v. Quarles*, 229 Pa.Super. 363, 388, 324 A.2d 452, 466 (1974). Although the statute fails to define reasonable grounds, it has been construed to be the equivalent of probable cause. *Id.* Thus, probable cause exists when an officer has knowledge of sufficient facts and circumstances, gained through trustworthy information, to

---

1. In construing the constitutionality of this section, this Court in *Commonwealth v. Quarles*, 229 Pa.Super. 363, 324 A.2d 452 (1974), noted that regardless of whether the ability to operate a motor vehicle is a right or a privilege granted by the Commonwealth, it cannot be conditioned on the surrender of one's right to be free from unconstitutional searches and seizures.

warrant a prudent man in the belief that the person seized has committed a crime. *Commonwealth v. Hicks*, 434 Pa. 153, 158, 253 A.2d 276, 279 (1969). We therefore find that reasonable grounds exist to justify the search and seizure conducted in this case, where the record reveals that a serious motor vehicle accident has occurred involving a driver who was found in a semiconscious state with the odor of alcohol on his breath. Accordingly, the absence of other physical characteristics of intoxication, such as an unsteady gait, *Commonwealth v. Baker*, 299 Pa.Super. 241, 445 A.2d 544 (1982), a disheveled appearance and slurred speech, *Commonwealth v. Trefry*, 249 Pa.Super. 117, 375 A.2d 786 (1977), is inconsequential to our decision.

In the instant case, a fatal accident had occurred. The record reveals that the "left front end of appellee's vehicle was pushed almost to the driver's door," while the decedents' vehicle was "bent practically in half." We further note that the appellee was pinned against the steering wheel for 45 minutes before he was removed from the wreckage and transported to the hospital. At the time of the accident and later at the hospital, police noticed appellee was "going in and out of consciousness." As a result, we respectfully disagree with the decision of the suppression court that the appellee's rights were violated when a blood sample was taken prior to his arrest and without his consent.

We additionally find that under the language of the statute and relevant case law, an arrest does not have to precede a request for a blood sample. *See Commonwealth v. Quarles*, 229 Pa.Super. 363, 324 A.2d 452 (1974). Neither is chemical testing only valid when it occurs at the scene of the accident. Unlike the situation in *Quarles*, appellee was transported to the hospital for emergency medical treatment and not solely for a determination of his BAC level. Additional support for this proposition can be found in *Commonwealth v. Cieri*, 346 Pa.Super. 77, 499 A.2d 317

(1985). In this case, the Court found that a BAC test performed at the hospital constituted less of an intrusion than that which constitutionally might have occurred at the accident scene. This decision is premised on the fact that the police neither invaded nor seized and detained the individual in order to administer the test.

■ Additionally, we find support for the seizure and search conducted in this case under Sec. 1547(a)(2).[2] On review of the record, we learn that when the officer arrived at the scene, he not only discovered that appellee was seriously injured, but that the other victims were also badly injured and perhaps dead. Consequently, the officer was justified in ordering the blood test since he had reasonable grounds to believe appellee was involved in an accident resulting in serious injuries or death.

■ We further note that the absence of actual consent will not invalidate the administration of a blood test since consent will be implied upon a finding of reasonable grounds under Sec. 1547(a)(1). *See Commonwealth v. Cieri, supra.* Today, we extend this analysis to find the requisite implied consent where reasonable grounds exist for one to believe that appellee was involved in an accident resulting in injuries or death under 75 Pa.C.S.A. Sec. 1547(a)(2). Since we have already determined that the police had probable cause under Secs. 1547(a)(1) and (a)(2) to perform the BAC test, we therefore conclude that the absence of actual consent is irrelevant.

■ With respect to appellant's final argument, we are satisfied that the blood test was properly administered under 75 Pa.C.S.A. Sec. 3755, since probable cause existed for one to believe that appellee was driving under the influence of alcohol.

2. Since the constitutionality of this section has not been properly raised before this Court, we express no views on this issue.