507 A.2d 398

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Peter R. DeFAVERI.**

Superior Court of Pennsylvania.

Argued May 13, 1985.

Filed Feb. 3, 1986.

Reargument Denied April 18, 1986.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellant.

Larry P. Gaitens, Pittsburgh, for appellee.

Before SPAETH, President Judge, and ROWLEY and WIEAND, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

The appellee, Peter DeFaveri, was arrested and charged with recklessly endangering another person,[1] driving under the influence of alcohol,[2] homicide by vehicle,[3] involuntary manslaughter,[4] and reckless driving[5] following a head-on collision in which DeFaveri was injured and two others were killed. Police and emergency crew personnel at the scene of the accident smelled alcohol on DeFaveri's breath and

[1]. 18 Pa.C.S. 2705.
[2]. 75 Pa.C.S. § 3731.
[3]. 75 Pa.C.S. § 3732.
[4]. 18 Pa.C.S. § 2501 and § 2504.
[5]. 75 Pa.C.S. § 3714.

found him to be combative. As a result of his injuries, DeFaveri was taken to a hospital emergency room. While there, a police officer advised him of his *Miranda* rights. DeFaveri, while capable of responding, chose to remain silent. The officer then arrested DeFaveri and directed that two vials of blood be drawn from him. DeFaveri maintained his silence, refusing to consent to the test either orally or in writing. The blood samples revealed that DeFaveri's blood alcohol content was 0.33, a result which he petitioned the trial court to suppress. Following a hearing, the court granted the motion to suppress. The court held, "The current version of § 1547 permits a motorist to refuse a requested blood test when a police officer has reasonable grounds to believe 'the person [requested to take the test] to have been driving, operating or in actual physical control of the movement of a motor vehicle.'" R.R. at 7. The Commonwealth now brings this appeal.

The Pennsylvania Supreme Court has established that the Commonwealth may appeal from an adverse ruling by the trial court on a suppression motion "when the Commonwealth certifies in good faith that the suppression order terminates or substantially handicaps its prosecution." *Commonwealth v. Dugger*, 506 Pa. 537, 546–47, 486 A.2d 382, 386 (1985). The Commonwealth has so certified and the appeal is properly before us.

The appellee argues that § 1547 of the Motor Vehicle Code (75 Pa.C.S.) affords all drivers the right to refuse a blood test. Section 1547 provides in part:

§ 1547. Chemical testing to determine amount of alcohol or controlled substance

(a) General rule.—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in

actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both; or

(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

(b) Suspension for refusal.—

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons.

75 Pa.C.S. § 1547.

The laws criminalizing drunken driving have undergone radical change in recent years, primarily in response to skyrocketing figures representing drunken driving fatalities and intense lobbying pressure from civic organizations such as Mothers Against Drunk Driving (MADD).[6] Because of the complex issues typically presented in cases involving charges of Driving Under the Influence, we must pay particular attention to clarifying the question before us. To accomplish this task and to pare away the confusion attendant to this case, we will first set forth the issues not involved and then discuss the question that the case does present to us.

---

**6.** Note, *The New Pennsylvania Drunk Driving Law: Last Call for the One-For-The-Road Era,* 87 Dick.L.Rev. 805 (1983).

Neither party alleges that the police officer who was called to the accident lacked probable cause to believe that the appellee was driving while under the influence of alcohol. The facts indicate that appellee was the sole occupant of the van found tipped on its side, that appellee smelled strongly of alcohol, and that appellee was combative. The applicability of § 1547(a)(1), pertaining to a person's implied consent to a blood test if a police officer has reasonable grounds to believe that the person was driving under the influence, is therefore not called into question.

There is also no issue raised regarding § 1547(a)(2): The appellee was driving the van, the van was involved in an accident, the appellee required treatment at a medical facility and two people in the other car were killed. There is no doubt, then, that the implied consent provision applies to the appellee—by exercising his privilege of driving in the Commonwealth of Pennsylvania, he also consented to a chemical test of his blood.

Finally, we are not presented with the question of whether the taking of the blood sample from the appellee violated either the federal or the state constitutions. Our Court has recently stated,

We have held that under [75 Pa.C.S. § 1547(a) ]—more precisely, under the substantially identical predecessor of this provision—police may constitutionally conduct a chemical test of a suspect's blood, without having arrested him and without transporting him from the scene in order to conduct the test, if they have probable cause to believe that the suspect has been driving under the influence of alcohol or a controlled substance.

*Commonwealth v. Cieri,* 346 Pa.Super. 77, 87, 499 A.2d 317, 322 (1985). The Court concluded by saying, "We see no reason why the existence of probable cause, which would unquestionably suffice as a constitutional basis for a test administered at the scene, may not also suffice as a constitutional basis for a test administered at the hospital." *Id.,* 346 Pa.Superior Ct. at 90, 91, 499 A.2d at 324. *See also*

*Commonwealth v. Pelkey,* 349 Pa.Super. 373, 503 A.2d 414 (1985).

■ In the instant case, the police officer had probable cause to believe that the appellee had been driving under the influence of alcohol. A serious accident involving two fatalities had occurred, the appellee smelled strongly of alcohol and was combative at the scene of the accident, and the position of the vehicles after the collision indicated that the appellee's van had crossed over the center line. Additionally, the appellee does not question that probable cause existed and that the test was performed by qualified medical personnel at the direction of a police officer pursuant to a lawful arrest.

Thus, the issue before us is not whether § 1547(a)'s provision on implied consent applies to the instant case, but whether § 1547(b) provides every motorist in Pennsylvania with a statutory right to refuse to permit a chemical test of his breath, blood, or urine. The appellee maintains that § 1547(b) extends to every driver, in every case, the choice of either submitting to the test or refusing the test and suffering the consequence of having his license suspended. In support of this assertion, appellee cites a portion of § 1547(b)(1): "If any person ... is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted...." Appellee's Brief at 5.

The words appellee has omitted from the quoted material reveal as much as those he quotes. The provision reads in full: "If any person *placed under arrest for a violation of section 3731* (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted...." (Emphasis added.) The Commonwealth asserts that § 1547(b)(1), as stated in full, grants a right of refusal *only* to those drivers arrested for violating § 3731 alone. Drivers who violate other provisions of the Vehicle Code and drivers who violate other sections in addition to § 3731 are not given the right to refuse a chemical test.

Appellee contends that "Section 1547(b)(1) extends the right of refusal to 'any person placed under arrest for a violation of Section 3731....'" Appellee's Brief at 7. He then notes that "Mr. DeFaveri was placed under arrest for an alleged violation of Section 3731, and therefore, the Section 1547(b)(1) right of refusal should apply to him under the express terms of that section." *Id.* This argument overlooks the rule of statutory construction creating the inference that when a term is expressly included in a statute, "all omissions should be understood as exclusions." *Commonwealth v. Charles,* 270 Pa.Super. 280, 287, 411 A.2d 527, 530 (1979). Appellee would have us read §§ 3735, 3732, and 3714, in addition to § 3731, into § 1547(b)(1). However, where the Legislature has not supplied a reference to these provisions, our Court is without the power to introduce them into the statute. *Worley v. Augustine,* 310 Pa.Super. 178, 456 A.2d 558 (1983).

The Legislature has created in § 1547(a) an implied consent provision that encompasses every driver in the Commonwealth either suspected by the police of violating § 3731 or involved in an accident in which someone requires treatment at a hospital or is killed. In § 1547(b)(1), the Legislature has extended to drivers arrested for Driving Under the Influence the option of revoking their implied consent created under subsection (a). Appellee argues that "the right of refusal clearly applies to all alcohol-related offenses under the vehicle code, as indicated by Sections 1546(c) and (e) and despite the limited reference in Section 1547(b)(1) to the simple offense of driving while under the influence." Appellee's Brief at 9.

Appellee's reading of § 1547 dictates that every time alcohol is a factor in a Vehicle Code offense, the law permits the erring driver to refuse a chemical test. The converse of this interpretation, then, is that only drivers who are devoid of even the vaguest aura of alcohol may not revoke their implied consent to a chemical test. Consider the consequences of such an interpretation: A sober driver who falls asleep, crosses the center line and strikes another

car would have no lawful right to refuse to be tested for drug or alcohol abuse. An intoxicated driver, however, exhibiting all the manifestations of drunkenness, who also crosses the center line and strikes an oncoming car, would be afforded the right to refuse the test.

To avoid this illogical result while still according merit to the appellee's position, we would be compelled to interpret § 1547(b)(1) as extending the option to refuse testing to all drivers—those who are intoxicated and those who are not. But when this analysis of the statute is scrutinized, its flaws become glaringly obvious. Subsection (a) would create the doctrine of implied consent, while subsection (b)(1) would nullify that doctrine by giving all drivers the right to revoke their implied consent. Subsection (b)(1) would render subsection (a) meaningless.

■ Either interpretation of § 1547 posited by appellee yields results which are unsuited to the ostensible purpose of the statute. The right to revoke implied consent, as prescribed by § 1547(b)(1), is directed at motorists arrested for Driving Under the Influence. Then and only then may a driver refuse to submit to chemical testing. Section 1547(b)(1)'s right of refusal is limited to those situations in which there has been no serious accident, no one injured, and no one killed. Any other construction emasculates the legislation. "[T]he language of a statute must be read in a sense which harmonizes with the subject matter and its general purpose and object." *Busy Beaver Building Centers, Inc. v. Tueche*, 295 Pa.Super. 504, 512, 442 A.2d 252, 256 (1981).

Our interpretation of § 1547 is strengthened by another section of the Vehicle Code—§ 3755, pertaining to reports by emergency room personnel. This statute governs situations in which the driver of a vehicle is involved in an accident, probable cause exists to believe that he was driving under the influence of alcohol or a controlled substance, and he requires treatment in the emergency room of a hospital. If these criteria are met, the statute mandates the emergency room physician to extract blood samples from

the driver. Section 3755 also applies when, because of the throes of the accident, it is unclear who was driving the vehicle. In such circumstances, the statute dictates that all the occupants of the vehicle are to have blood samples drawn.

If we adopted the interpretation of § 1547 suggested by the appellee and the trial court, not only would we negate the purpose of § 1547(a), we would create a further anomoly if a situation arose which triggered the application of § 3755: if an accident occurred, all the occupants of a vehicle would be tested to determine their blood alcohol content if the driver was unknown. But if the driver could be identified, he would be given the right under § 1547(b)(1) to refuse the blood test, even if he was drunk. And according to appellee, he would be given this right *especially* if he was drunk.

Order reversed.

SPAETH,* Former President Judge, files a concurring opinion.

WIEAND, J., concurred in the result.

SPAETH, President Judge, concurring:

I concur in the order reversing the trial court's suppression of the blood test results because I understand our holding to be that there is no right to refuse chemical testing where there is probable cause to believe that the defendant was driving under the influence of alcohol and where there was "an accident in which the operator or . passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed." 75 Pa.C.S. § 1547(a)(2). I make this observation because some portions of the majority opinion may be read more broadly, *e.g.*, the statement that the right to revoke implied consent "is directed at motorists arrested for Driving Under the Influence [and] [t]hen and only then may a driver refuse to

* This case was decided prior to the expiration of former President Judge Spaeth's term of office.

submit to chemical testing." Majority at 102. Also, I note that the hypothetical case stated by the majority, that "[a] sober driver who falls asleep, crosses the center line and strikes another car would have no right to refuse to be tested for drug or alcohol abuse," Majority at 102–103, raises serious constitutional questions. The constitutionality of 75 Pa.C.S. § 1547(a)(2) is not before us and I intimate no view on that issue.