539 A.2d 454

COMMONWEALTH of Pennsylvania, Appellant,

v.

Lynn M. STINE, Appellee.

Superior Court of Pennsylvania.

Argued Feb. 4, 1988.

Filed March 28, 1988.

Keith Kendall, Assistant District Attorney, Lewistown, for Com., appellant.

Lester H. Zimmerman, Jr., Lewistown, for appellee.

Before CAVANAUGH, OLSZEWSKI and POPOVICH, JJ.

OLSZEWSKI, Judge:

This is an appeal from the trial court's order granting the defendant-appellee's motion to suppress the results of blood tests performed on appellee. Appellant, the Commonwealth, raises one issue for our review: was the blood test taken in conformity with the "Clinical Laboratory Act", P.L. 1539, No. 389.

■ Preliminarily, we note that the Commonwealth may appeal from a trial court's ruling on a suppression motion when the Commonwealth certifies in good faith that the suppression order terminates or substantially handicaps its prosecution. *See Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985). The Commonwealth has done so in this case; therefore, the appeal is properly before us. We

also note that in reviewing a Commonwealth appeal of a suppression order, we must consider only the evidence of the defendant's witnesses and so much of the Commonwealth evidence that, read in the context of the record as a whole, remains uncontradicted. *See Commonwealth v. Hamlin,* 503 Pa. 210, 469 A.2d 137 (1983). Furthermore, our scope of appellate review is limited primarily to questions of law. *See Commonwealth v. White,* 358 Pa.Super. 120, 516 A.2d 1211 (1986). We are bound by the suppression court's findings of fact if those findings are supported by the record. *Id.* Factual findings wholly lacking in evidence, however, may be rejected. *Id.*

■ We now proceed to a review of the instant case. Appellee, Lynn Stine, was charged with operating a motor vehicle under the influence of alcohol. 75 Pa.C.S.A. § 3731. Appellee filed a pre-trial motion for relief asking that the results of the blood test be suppressed on the grounds that the testing was not done at the direction or under the supervision of the hospital clinical laboratory supervisory personnel as required by the regulations issued by the Department of Health.

Chemical testing to determine the amount of alcohol is provided for by 75 Pa.C.S.A. § 1547. Pertinent to the instant case is 75 Pa.C.S.A. § 1547(c)(2), which states:

> Chemical tests of blood or urine shall be performed by a clinical laboratory licensed and approved by the Department of Health for this purpose using procedures and equipment prescribed by the Department of Health. For purposes of blood and urine testing, qualified persons means an individual who is authorized to perform those chemical tests under the Act of September 26, 1951 (P.L. 1539, No. 389) known as "The Clinical Laboratory Act".

The Department of Health regulations provide at 28 Pa. Code § 5.24 the following:

> (a) a clinical laboratory technologist shall perform clinical laboratory tests with *minimal supervision by the di-*

*rector or supervisors,* while working in those areas in which he is qualified by education or experience.

(Emphasis Added).

In the case at hand, the technologist who tested the blood was the only person working in the lab at the time appellee was brought in. The technologist worked the 11 p.m. to 7 a.m. shift, a shift which on weekends necessitated the attendance of only one technologist. The technologist testified that she was in charge of the lab; however, if there was a problem with the machine she was to call the chemistry supervisor or if there was a problem of another nature she was to call the pathologist.

The trial court, in applying the Department of Health Regulations, interpreted the term "minimal supervision" according to its ordinary and daily usage and found that it meant the least quantity of critical watching and directing assignable. The trial court also found that the technologist in the instant case, although qualified as a laboratory technologist under the Department of Health Regulations, was not qualified as a supervisor. Since there was no individual qualified as a supervisor overseeing the blood test, the trial court reasoned that the test was not taken in accordance with the Department of Health Regulations and therefore the results of that test must be suppressed.

Our Court has not yet dealt with the specific issue raised by appellant in the instant case. We have, however, twice dealt with the claim that results of a blood test should not be admitted into evidence without calling the technician who performed the test. *Commonwealth v. Seville,* 266 Pa.Super. 587, 405 A.2d 1262 (1979); *Commonwealth v. Karch,* 349 Pa.Super. 227, 502 A.2d 1359 (1986). Although our decision to admit the results of the blood tests in the above cases rested upon our conclusion that the results of the tests fell within the business record exception to the hearsay rule, our discussion of the factual situations present in these cases revealed that in both instances the blood test was taken by a technician without direct supervision. Specifically, in *Commonwealth v. Seville,* testimony given by

the Chairman of the Department of Pathology of the hospital where the blood test was administered revealed that he was not present when the blood was drawn. Similarly, in *Commonwealth v. Karch,* the physician who established the protocol for such laboratory procedures was not present when the blood test was performed. Although not in attendance at the actual taking of the blood tests, both physicians exercised general supervision over such laboratory procedures. An identical situation is presented by the instant case where the blood test was administered by a technologist in the laboratory with a pathologist, although not directly supervising the actual drawing of the blood, available on the premises should a problem arise.

Appellant does not claim in the instant case that the technologist who administered the blood test was not properly qualified or otherwise competent. Neither does appellant challenge the qualifications of the equipment used in analyzing the blood. Finally, appellant does not contend that the results of the blood test are inaccurate. Appellant's sole argument on appeal is that the technologist performed the test in the absence of a qualified supervisor. The drawing and testing of blood for alcohol content is a matter particularly within the ambit of basic and routine hospital procedure. *See Commonwealth v. Seville, supra.* We do not believe that such a routine procedure, when performed by a qualified technologist, need be conducted under the direct scrutinization of a supervisor in order to be in accordance with the Department of Health Regulations. Such an interpretation of the Regulations would be overly technical and unmindful of the standardized procedures utilized in the taking and testing of blood for alcohol content. We are of the opinion, therefore, that the requirement of minimal supervision is satisfied as long as there is an individual, qualified under the Department of Health Regulations as a supervisor, available. The order of the trial court suppressing the results of the blood test in the instant case is reversed. Case remanded for further proceedings. Jurisdiction relinquished.