## Commonwealth v. Dodd

*Narcy L. Hughes, assistant district attorney,* for the commonwealth.

*M. Dan Mason,* for defendant.

THOMAS, *P.J.*, May 4, 1988—This matter is before the court on the commonwealth's motion for discovery of defendant's blood-alcohol analysis, stemming from an automobile accident on December 10, 1987. Defendant required medical attention and was transported to Meadville Medical Center by ambulance.

The investigating officer, Trooper Lee Wilbur, arrived shortly thereafter and, based upon probable cause, asked defendant to consent to a blood-alcohol test. Defendant refused stating he did not like needles. Trooper Wilbur then requested the hospital attendants to take a blood sample. This request was refused. However, the hospital later took a blood sample for its own diagnostic purposes. The commonwealth seeks the results of that diagnostic blood sample to discover defendant's blood-alcohol content and, if appropriate, use as evidence at trial.

In resolving this matter we attempted to distinguish the present situation from that envisioned by the legislature under the Pa. Vehicle Code, 75 Pa.C.S. §3755(a). Under section 3755(a), hospital attendants are required to take a blood sample from any person receiving medical treatment who operated a motor vehicle involved in an accident whenever a police officer requests such upon determining that

probable cause exists for a possible DUI violation. Section 3755(a) also states that the results of such blood tests shall be released upon request of governmental officials or agencies.

The present situation differs in that the hospital attendants refused to comply with Trooper Wilbur's request and did not take a sample of defendant's blood pursuant to 75 Pa.C.S. §3755(a). Because the hospital *later* took a sample of defendant's blood for its own diagnostic purposes, and *not* at the direction of a police officer in compliance with said statute, we are reluctant to find that this is a section 3755(a) situation which permits the commonwealth access to the defendant's blood-alcohol results.

Our reluctance, however, is complicated by the Pennsylvania Superior Court's decision in *Commonwealth v. DeFaveri,* 352 Pa. Super. 96, 507 A.2d 398 (1986). In reversing the lower court's decision to suppress the results of a blood-alcohol test taken against defendant's will, the Superior Court stated that if the criteria of 75 Pa. C.S. §3755(a) are met, "the statute mandates the emergency room physician to extract blood samples from the driver." *DeFaveri,* 352 Pa. Super. at 1034, 507 A.2d at 402. It appears that *DeFaveri* implies that regardless of a defendant's refusal to consent to a blood test, if the requirements of section 3755(a) are met the commonwealth is permitted to obtain the blood-alcohol analysis of *any* blood sample taken from a defendant by the hospital because the hospital had a statutory duty to take such sample and supply the requested results.

While we struggle in applying the Superior Court's rationality to the present situation, stare decisis compels us to allow the commonwealth to discover defendant's blood-alcohol results.