573 A.2d 569

**COMMONWEALTH of Pennsylvania**

v.

**Rebecca ZELINSKI, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 14, 1990.

Filed April 18, 1990.

Mark S. Love, Mt. Pocono, for appellant.

Curtis J. Rogers, Asst. Dist. Atty., East Stroudsburg, for Com., appellee.

Before CAVANAUGH, OLSZEWSKI and FORD ELLIOTT, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence entered by the Court of Common Pleas of Monroe County after a conviction of driving under the influence of alcohol. 75 Pa.C.S.A. § 3731(a)(1) and (4). We are called upon to decide: (1) whether the charge to the jury adequately and accurately explained the relevant principles of law to the jury; (2) whether the suppression court erred in not suppressing the results of a blood alcohol test; (3) whether the blood test was properly admitted under the rules of evidence; (4) whether there was sufficient evidence to prove beyond a reasonable doubt that appellant committed the crimes charged; and (5) whether the sentencing court

abused its discretion when it sentenced appellant to not less than 30 days nor more than one year of confinement. We affirm.

On September 30, 1988, Brian Hodge, a volunteer fire fighter, was heading westbound on Route 940 when he came upon appellant's vehicle. He noticed it because it was traveling very slowly, fluctuating between 10 and 30 miles per hour, and the driver was constantly stepping on the brakes. He observed the vehicle cross the center double yellow dividing line more than once. Hodge activated his blue strobe light and appellant pulled over to the side of the road. Hodge asked appellant if there was a problem. Appellant said she was having problems with her steering. Appellant's words were slurred, her eyes were glassy, she was having difficulty staying erect in her seat, and Hodge smelled alcohol. As a fire fighter, Hodge had had previous experience with individuals under the influence of alcohol. Hodge wanted appellant to drive up the road and pull into a restaurant's parking lot. He hoped he could take appellant's car keys and have the local police escort her home. Appellant pulled onto the highway, heading westbound in the eastbound lane. Four vehicles swerved around appellant, some of which went off the roadway. A fifth vehicle was not able to swerve around appellant and a head-on collision occurred. The driver of the fifth vehicle required hospitalization, as did appellant.

Police Officer Phillips arrived on the accident scene and detected a moderate odor of alcohol emanating from appellant. Appellant was taken to Pocono Medical Center where Officer Phillips requested a sample of appellant's blood. At the time the sample was requested, appellant was not under arrest, nor was she informed of her rights under the implied consent law. Appellant's blood alcohol content was determined to be .25%.

## I.

Appellant contends that the trial judge's charge to the jury was so erroneous that a new trial is required.

75 Pa.C.S.A. § 3731(a)(1) and (4) defines the offense of driving under influence of alcohol as follows:

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

(1) under the influence of alcohol to a degree which renders the person incapable of safe driving;

\* \* \* \* \* \*

(4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

█ It is well known law that a trial court is free to use its own form of expression in jury instructions so long as those instructions adequately, accurately, and clearly explain the principles of law for the jury. *Commonwealth v. Litman*, 276 Pa.Super. 114, 116–117, 419 A.2d 121, 123–124 (1980). We have reviewed the court's instructions to the jury in their entirety. We are convinced that the instructions adequately, accurately, and clearly explained the relevant principles of law to the jury.

## II.

Appellant advances two arguments to support her contention that the results of the blood alcohol test should have been suppressed.

█ First, appellant asks this Court to retreat from the position we advanced in *Commonwealth v. Knowles*, 373 Pa.Super. 203, 540 A.2d 938; *allocatur denied*, 520 Pa. 614, 554 A.2d 507 (1988). In *Knowles*, appellant argued that "weighty public policy considerations" required that an individual who was involved in an accident or placed under arrest for violating § 3731 be informed of his right to have a physician of his own choice draw and test blood. *Knowles, supra*, 540 A.2d at 939–940. In that case, this Court declined appellant's invitation to usurp the power of the Legislature by disregarding the clear import of the statute. *Id.*

Appellant argues that the results of the blood test should have been suppressed because she was not advised of her

right to an additional, independent test under 75 Pa.C.S.A. § 1547(h) and (i). She argues that fundamental fairness requires that since she is entitled to be informed that her driving privileges can be revoked if she does not submit to chemical testing, then she should be entitled to be informed that she has a right to request additional and independent chemical testing so that she can protect her fundamental right to present defensive evidence at trial.

Appellant cites case law from eight other jurisdictions which require that a defendant be informed of his/her right to an additional and independent chemical test. We decline to follow these other jurisdictions. We will not retreat from the position we advocated in *Knowles,* because as we stated in *Knowles,* any change must issue from the Legislature. *Knowles, supra,* at 940.

██ Appellant's next argument in support of her contention that the blood alcohol test result should have been suppressed is that Officer Phillips did not inform her of her right to refuse the test pursuant to 75 Pa.C.S.A. § 1547(b)(2).

In *Commonwealth v. DeFaveri,* 352 Pa.Super. 96, 507 A.2d 398 (1986), we stated that the right to revoke implied consent is directed at motorists arrested for driving under the influence. *DeFaveri, supra,* at 401. Since appellant was not under arrest at the time the blood sample was obtained, she could not revoke her implied consent. Appellant's argument, therefore, fails.[1] The trial judge did not err in admitting the results of the blood alcohol test.

### III.

Appellant argues that she should be granted a new trial because the Commonwealth did not establish a sufficient

---

1. We are aware of the holding in *Commonwealth v. Wolpert,* 224 Pa.Super. 361, 308 A.2d 120 (1973). *DeFaveri* and *Wolpert* represent a split in authority. We have followed the authority of *DeFaveri* because it is more recent than *Wolpert* and because *Wolpert* concerned the old driving under the influence statute, whereas *DeFaveri* concerns the current law.

foundation to justify the admission into evidence of the blood alcohol test result. Specifically, appellant alleges that Commonwealth failed to offer evidence that: (1) Pocono Medical Center was an approved facility for the collection of a blood sample; and (2) the person who withdrew the blood sample was a qualified person as defined in 75 Pa.C.S.A. § 1547(c).[2] (Appellant's brief at 22.)

■ Regarding appellant's first argument in support of this issue, we have closely scrutinized § 1547 and cannot find a requirement that the facility where the blood is collected must be an approved facility. There is a requirement that the actual testing of the blood must be performed by a clinical laboratory licensed and approved by the Department of Health. The blood alcohol test was performed at the Pennsylvania State Police Regional Laboratory in Wyoming, Pennsylvania. This laboratory is approved by the Department of Health. (Trial court opinion of June 27, 1989.)

■ Appellant's second argument on this issue is that she should receive a new trial because there was no evidence that the person who withdrew the blood at Pocono

2. § 1547 Chemical testing to determine amount of alcohol or controlled substance
 \* \* \* \* \* \*
 (c) Test results admissible in evidence.—In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the amount of alcohol or controlled substance in the defendant's blood, as shown by chemical testing of the person's breath, blood or urine, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence.
 \* \* \* \* \* \*
 (2) Chemical tests of blood or urine shall be performed by a clinical laboratory licensed and approved by the Department of Health for this purpose using procedures and equipment prescribed by the Department of Health. For purposes of blood and urine testing, qualified person means an individual who is authorized to perform those chemical tests under the act of September 26, 1951 (P.L. 1539, No. 389), known as "The Clinical Laboratory Act." [35 P.S. § 2151 et seq.]
 75 Pa.C.S.A. § 1547(c)(2) (footnote omitted).

Medical Center was a qualified person as defined in § 1547(c). Again, we must disagree with appellant.

In *Commonwealth v. Mahaney*, 373 Pa.Super. 129, 132–133, 540 A.2d 556, 559–560, *allocatur denied*, 520 Pa. 587, 551 A.2d 214 (1988), we stated that 75 Pa.C.S.A. § 1547(c) focuses on the qualifications of the person performing the blood testing and the equipment used, not the technician who drew the blood. *See also Commonwealth v. Stine*, 372 Pa.Super. 312, 539 A.2d 454, *allocatur denied*, 520 Pa. 588, 551 A.2d 215 (1988). In *Mahaney*, the qualifications of the person who actually performed the testing were established at trial. In the case *sub judice*, the qualifications of the person who performed the testing were established by stipulation. (N.T. at 88–89.) In *Mahaney*, the technician was qualified for his position by the hospital and withdrew the blood under police supervision. In the case *sub judice*, the duties of the technician who withdrew the blood included taking blood specimens (N.T. at 9); therefore, she was qualified to take blood samples by the hospital. Also, as in *Mahaney*, the police officer who arrested appellant was present when the blood sample was taken. (N.T. at 74.) In *Mahaney*, we stated that under its facts the only reason to call the technician who drew the blood would be to establish the chain of custody. We stated that when the police observe the technician withdraw the blood, the Commonwealth need not call the technician. Similarly, in the case before this Court, focusing on the qualifications of the technician who withdrew the blood is unwarranted. The focus should be on the chain of custody and the qualifications of the person who performed the testing. With such a focus, we find that the chain of custody was adequate and that the qualifications of the person performing the test were stipulated to by the parties.

## IV.

■ Appellant's argument on the sufficiency of the evidence is that the Commonwealth did not present any evidence at trial from which a jury could conclude that appel-

lant's blood alcohol level was .10% or greater at the time of the accident. Specifically, appellant argues that Commonwealth presented evidence that appellant's blood alcohol level was .25% approximately one hour after the accident and that expert testimony was necessary to interpret the test result and arrive at a conclusion that appellant's blood alcohol level was .10% at the time of the accident. Since the Commonwealth presented no such expert witness to interpret the test result, the jury's verdict had to be based on conjecture and speculation. We disagree.

We have held in a line of cases that the Commonwealth need not present expert testimony relating a blood alcohol test back to the time of a vehicular offense, and that the absence of expert testimony relating back a remote test result would not render the test result insufficient to convict a defendant of violating 75 Pa.C.S.A. § 3731(a)(4). *Commonwealth v. Boyd*, 373 Pa.Super. 298, 299, 541 A.2d 21, 22 (1988); *Commonwealth v. Speights*, 353 Pa.Super. 258, 509 A.2d 1263, *allocatur denied* in *Speights v. Commonwealth*, 517 Pa. 594, 535 A.2d 83 (1986).

> When reviewing the sufficiency of the evidence, we must accept as true all of the evidence and view it in the light most favorable to the verdict winner. The appropriate test is whether the evidence, when viewed in this light, together with all reasonable inferences drawn therefrom, is sufficient to prove guilt beyond a reasonable doubt.

*Boyd, supra* 541 A.2d at 22 (internal citations omitted).

At trial, Brian Hodge, a volunteer fire fighter with experience dealing with intoxicated persons, testified that he observed appellant's motor vehicle weaving down the roadway. He observed her cross the center double yellow dividing line on more than one occasion and constantly step on the brakes while her speed fluctuated between 10 and 30 miles per hour. (N.T. at 15–16.) Hodge activated his blue overhead lights and appellant pulled over. He inquired whether she was having any trouble with her vehicle. Hodge smelled alcohol and observed that appellant's eyes were glassy. Appellant was having trouble staying erect in

her seat. (N.T. at 17.) Hodge testified that appellant then drove back onto the highway, heading westbound in the eastbound lane. Four vehicles swerved to miss her, but a fifth vehicle did not miss. Hodge stated that he believed appellant was intoxicated. (N.T. at 18.) The police officer who responded to the scene of the accident, Officer Phillips, testified that he detected a moderate odor of alcohol coming from the appellant. (N.T. at 71.) We believe these facts are sufficient for a jury to find beyond a reasonable doubt that appellant was guilty of the crimes charged.

## V.

Appellant's final contention is that her sentence of imprisonment of not less than 30 days nor more than one year was too harsh and should be vacated. We disagree.

■ To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.App.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 1410, *Commonwealth v. Boone*, 467 Pa. 168, 354 A.2d 898 (1975), *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987) (*en banc*), *Commonwealth v. Duffy*, 341 Pa.Super. 217, 491 A.2d 230 (1985); (3) whether appellant's brief has a fatal defect, *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), Pa.R.A.P. 2119(f), *Commonwealth v. Williams*, 386 Pa.Super. 322, 562 A.2d 1385 (1989), *Commonwealth v. Ziegler*, 379 Pa.Super. 515, 550 A.2d 567 (1988), *Krum, supra;* and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). We are inclined to find the presence of a substantial question where appellant advances a colorable argument that the trial judge's actions were either inconsistent with the specific provisions of the Sentencing Code, or contrary to the norms which underlie the sentencing process. *Commonwealth v. Losch,*

369 Pa.Super. 192, 535 A.2d 115 (1987). *See also, Commonwealth v. Felix,* 372 Pa.Super. 145, 539 A.2d 371 (1988).

The issue concerning the excessiveness of sentence was properly preserved and appellant filed a timely notice of appeal; however, there is a defect in appellant's brief. In *Tuladziecki, supra,* our Supreme Court stated that pursuant to Pa.R.A.P. 2119(f), an appellant who challenges the discretionary aspect of a sentence in a criminal matter must set forth in his/her brief, immediately preceding the argument on the merits, a concise statement of the reasons relied upon for the allowance of appeal with respect to the discretionary aspects of the sentence. *Tuladziecki, supra,* 522 A.2d at 19–20. *See also,* 42 Pa.C.S.A. § 9781(b). This statement allows us to determine whether we will exercise our discretion to reach the merits of the issue. Appellant's brief does not set forth in a separate section a concise statement of the reasons relied upon for allowance of appeal. This omission ordinarily would be fatal, but the Commonwealth has failed to object to this omission; therefore, appellant's failure to comply with this procedural requirement is waived. *Krum, supra,* 533 A.2d at 138.

We now reach the fourth part of our analysis: whether there is a substantial question that appellant's sentence is not appropriate under the Sentencing Code. We must determine whether any of the sentencing judge's actions were inconsistent with a specific provision of the Sentencing Code.

Appellant alleges that the sentencing judge did not state any reason for imposing a sentence greater than the minimum.[3] (Appellant's brief at 29.) Failure to state such reasons in open court at the time of sentencing is a substantial question. *Losch, supra* 535 A.2d at 119 n. 7, *citing Commonwealth v. Tilghman,* 366 Pa.Super. 328, 330 n. 2, 531 A.2d 441, 443 n. 2 (1987) (dictum) (failure to comply with

**3.** Although the better practice would have been for the sentencing judge to state his reasons for the sentence imposed at the time of sentencing, we believe after reviewing the opinion of August 17, 1989, he has stated his reasons and we find them persuasive.

42 Pa.C.S.A. § 9721(b) presents substantial question). Based upon appellant's allegation that the sentencing judge did not enter into the record the reasons for his sentence and upon our review of the record, we find that appellant has presented a colorable argument that a substantial question exists; hence, we will exercise our discretion to hear the appeal.

 We will now consider the merits of the issue. Our standard of review in matters of sentencing is well known. The imposition of a sentence by a trial judge will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Plank*, 498 Pa. 144, 145, 445 A.2d 491, 492 (1982). A manifest abuse of discretion exists where "in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or illwill...." *Commonwealth v. Jackson*, 336 Pa.Super. 609, 619, 486 A.2d 431, 441 (1984) (internal citations omitted). We give great weight to the sentencing judge's discretion since he is in the best position to measure various factors which enter into the determination of a sentence. *Commonwealth v. Anderson*, 381 Pa. Super. 1, 9, 552 A.2d 1064, 1072 (1988).

 Appellant admits that her sentence falls within the statutory limits. (Appellant's brief at 29.) Appellant argues that the sentencing judge's sentence was too harsh because she is a first-time offender, the accident victim has recovered, appellant has exhibited remorse, the County Probation Department recommended the minimum sentence, and there is no evidence to suggest that appellant poses a danger to the public or that she is in need of rehabilitation. We find no abuse of discretion on the part of the sentencing court judge. The judge acknowledged that appellant was a first-time offender but he stated that he was imposing this sentence because a serious traffic accident had occurred. We will not substitute our judgment for that of the sentencing court judge.

Judgment of sentence affirmed.