675 A.2d 1278

COMMONWEALTH of Pennsylvania

v.

**Roxie AIELLO, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 12, 1995.

Filed May 6, 1996.

Joseph E. Buckley, Jr., Brookville, for appellant.

Charles J. Duke, Dist. Atty., Bradford, for Com., appellee.

Before CAVANAUGH and JOHNSON, JJ., and CERCONE, President Judge Emeritus.

CAVANAUGH, Judge:

Roxie Aiello appeals from the judgment of sentence of two days to one year in the McKean County Correctional facility. The Honorable John Cleland of the McKean County Court of Common Pleas imposed this sentence after a jury found Aiello guilty of driving under the influence of alcohol, careless driving and driving with a blood alcohol content of greater than .10%. We affirm.

The record supports the facts as follows. On November 29, 1993, at approximately 9:00 p.m., Aiello lost control of her car on Oak Street in Kane Borough, McKean County. She skidded into a parked car, forcing that car into the vehicle in front of it. This impact caused Aiello's head to strike the steering wheel and the windshield of the car. It also caused her to briefly lose consciousness.

After receiving calls from residents of Oak Street, Officer Anderson of the Kane Borough Police arrived on the scene. He escorted Aiello to the hospital in his police vehicle. Upon arriving at the hospital, Officer Anderson advised Aiello that she could either consent to a blood test for alcohol or be subject to a potential suspension of her license for one year. Aiello consented to the blood test, which was administered. This test revealed Aiello's blood alcohol content to be .35%. The results of this blood test were admitted as evidence during trial.

On appeal, Aiello raises the following issue:

Is it manifestly unfair and therefore violative of Due Process under the Federal and State Constitution to advise a motorist who is not actually under arrest, that she will be subject to the mandatory license suspension requirements of 75 Pa.C.S. § 1547 which are only applicable to a motorist actually under arrest for violation of 75 Pa.C.S. § 3731 [driving under the influence of alcohol]?

After reviewing the relevant law, we find appellant's contentions to be without merit. Section 1547(a)(1), which authorizes blood tests for alcohol, provides:

(a) General Rule. Any person who, drives, operates, or is in actual physical control of the movement of a motor vehicle in this Commonwealth **shall be deemed to have given consent** to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance **if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of the motor vehicle:**

(1) **while under the influence of alcohol or a controlled substance or both;**

75 Pa. Cons. Stat. Ann. § 1547(a)(1) (emphasis added).

■ Initially, we note that appellant cites *Gresh v. Commonwealth,* 76 Pa.Cmwlth. 483, 464 A.2d 619 (1983) for the proposition that an arrest is necessary for the Department of Transportation to suspend a driver's license under the mandatory suspension provisions of § 1547(b). Appellant correctly notes that a person must be placed under arrest prior to being subject to the mandatory license suspension provisions of § 1547(b), but this arrest requirement has not been extended to situations where a person's blood is tested under the implied consent law of § 1547(a)(1). *Commonwealth v. Mordan,* 419 Pa.Super. 214, 615 A.2d 102 (1992), aff'd 534 Pa. 390, 633 A.2d 588.

■ It is clear that, under § 1547(a)(1), a person may be subjected to blood tests for alcohol without first being arrested. *See Commonwealth v. Urbanski,* 426 Pa.Super. 505, 511,

627 A.2d 789, 792 (1993). Moreover, since the statute implies consent, a person's informed consent to submit to the blood tests is unnecessary. *Mordan,* 419 Pa.Super. at 219, 615 A.2d at 107. Neither does a person have an unsanctioned right to refuse the blood test, since consent is given as a condition of a license to drive. *Id.*

Rather, to administer a blood test under § 1547(a)(1), a police officer need only have reasonable grounds to believe that a person was driving under the influence of alcohol. *See Urbanski, supra.* "Reasonable grounds" has been interpreted to mean "probable cause;" thus, the police officer must have "knowledge of sufficient facts and circumstances, gained through trustworthy information, to warrant a prudent man in the belief that a crime has been committed." *Commonwealth v. Quarles,* 229 Pa.Super. 363, 324 A.2d 452 (1974). *See also Commonwealth v. Kohl,* 532 Pa. 152, 615 A.2d 308, 315 (1992).

Instantly, the police arrived after a vehicle obviously driven by Aiello had crashed into a parked car. The trial court summarized the facts to support probable cause that appellant was driving under the influence as follows:

> Officer Anderson testified that he found the defendant sitting at the wheel of her car; she had blood on her face and clothing; she refused medical assistance at the scene; she "staggered and was not good on her feet;" and she told him that "she had one or two mixed drinks."

Based on these facts, Officer Anderson had reasonable grounds to believe that Aiello had been driving under the influence of alcohol. Therefore, the police officer had authority to administer the blood test under § 1547(a) and the results of this test were properly admitted at trial.

Appellant also argues that her constitutional rights were violated because she was transported to the hospital without being placed under arrest so that the blood tests could be administered. Appellant cites *Commonwealth v. Quarles,* 229 Pa.Super. 363, 324 A.2d 452, 467 (1974) for support. In *Quarles,* this court determined that, while administering blood

tests at the scene of a stop may be reasonable, transporting a person to a hospital or police barracks to conduct blood tests for alcohol may constitute an unreasonable search and seizure.[1]

Instantly, although Officer Anderson escorted appellant to the hospital, she required medical attention for the injuries sustained in the accident. That the blood tests were administered at the hospital rather than at the accident scene therefore placed no additional burden on appellant. *See Commonwealth v. Pelkey*, 349 Pa.Super. 373, 503 A.2d 414, 417 (1985) (distinguishing *Quarles* where defendant transported to hospital for serious injuries, not solely for blood tests). Therefore, appellant was not required to be placed under arrest prior to being read the "implied consent" provisions and, thereafter, being administered blood tests to determine blood alcohol content.

Therefore, we affirm the judgment of sentence.

1. It is respectfully suggested that this holding in *Quarles* is questionable. The decision rendered in 1974 was made by five members of the then seven member court with three judges concurring in the result only.