**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARY E. MARTELL | |
| Appellant | No. 1718 WDA 2016 |

Appeal from the Judgment of Sentence Dated October 3, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002488-2016

BEFORE: DUBOW, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED AUGUST 25, 2017**

Appellant, Mary E. Martell, appeals from the judgment of sentence following an open guilty plea and conviction for retail theft.[1]  Appellant's counsel has filed a petition to withdraw pursuant to **_Anders v. California_**, 386 U.S. 738 (1967).  We affirm and grant counsel's petition to withdraw.

We state the facts as set forth in the affidavit of probable cause:

On June 29, 2016, Appellant was viewed on live video surveillance at Gabriel Brothers retail store at 7200 Peach Street in Erie.  The surveillance feed showed Appellant removing a shirt from the rack in the children's section and placing the shirt inside her purse.  Appellant was stopped by loss prevention [personnel] in the store but refused to accompany them to their office.  Appellant then left in a white truck bearing Pennsylvania registration.  That truck was located by Pennsylvania State Trooper Francine Gibson, who conducted a traffic stop at the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929(a)(1).

intersection of Peach Street and Interchange Road. During the traffic stop, Appellant admitted to taking items from Gabriel Brothers and refusing to stop for loss prevention. Appellant had her purse with her, and it contained five children's shirts and pairs of shorts with tags from Gabriel Brothers on them. The total value of the ten items stolen by Appellant was $56.92. The items were returned to Gabriel Brothers.

Police Aff. of Probable Cause, 6/30/16, at 1; *see also* N.T. Hr'g, 10/3/16, at 9-10.

Appellant pleaded guilty to retail theft. The court sentenced Appellant to one to two years' imprisonment, to run consecutively to any previously imposed sentence.[2] N.T. Hr'g at 14. The trial court found Appellant to be eligible for a reduced sentence under the Recidivist Risk Reduction Incentive Program, 61 Pa.C.S. § 4504, thereby reducing Appellant's minimum sentence to nine months' incarceration. *Anders* Brief at 4.

Appellant filed a post-sentence motion requesting that her sentence be served in a county jail or made concurrent to her other sentences. She did not argue that the length of her sentence is excessive. The trial court denied that motion. Appellant timely appealed and her counsel stated an intent to file an *Anders* brief in lieu of a Rule 1925(b) Statement.

---

[2] The record is unclear regarding any other sentences of Appellant. It appears that Appellant had been sentenced in an unrelated case by the Erie County Treatment Court. N.T. Hr'g at 10-11 (referencing that her sentence would be revoked due to the instant conviction). The record does not state whether that sentence was for probation.

Appellant's counsel has now filed a petition to withdraw and an *Anders* brief with this Court. In the *Anders* brief, counsel raises one issue:

> Whether the appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

*Anders* Brief at 3.

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). We set forth the *Anders* requirements in *Commonwealth v. Orellana*, 86 A.3d 877 (Pa. Super. 2014):

> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). The brief must:
>
> (1)    provide a summary of the procedural history and facts, with citations to the record;
>
> (2)    refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)    set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)    state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a

- 3 -

letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief."

***Orellana***, 86 A.3d at 879-80 (some citations omitted). If counsel complies with these requirements, then "we will make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" ***Id.*** at 882 n.7 (citation omitted). Finally, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

Here, counsel's petition to withdraw and brief comply with the technical requirements of ***Anders*** and ***Santiago***. ***See Orellana***, 86 A.3d at 879-80. The brief summarizes the procedural history and facts (although it omits citations to the record), includes arguments that could support the issue raised on appeal, and cites legal authority to support its conclusion that the appeal is frivolous. Counsel also served Appellant with a copy of the brief and petition to withdraw, and the petition advised Appellant of her right to retain new counsel or proceed *pro se* to raise any points that she deems worthy of this Court's attention. We conclude that counsel has met the requirements of ***Anders*** and ***Santiago***, and will therefore address the issue raised in the ***Anders*** brief.

- 4 -

Appellant's appeal challenges a discretionary aspect of her sentence — its length. A defendant "who has pled guilty may challenge the discretionary aspects of [her] sentence as long as the defendant did not agree to a negotiated sentence as part of a plea agreement." *Commonwealth v. Johnson*, 758 A.2d 1214, 1216 (Pa. Super. 2000) (citation omitted). However, "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Solomon*, 151 A.3d 672, 676 (Pa. Super. 2016), *appeal denied*, 2017 WL 1414955 (Pa. 2017). Under the Sentencing Code, such a challenge may be heard only on a petition for allowance of an appeal to this Court, as to which our exercise of jurisdiction is discretionary. 42 Pa. C.S. § 9781(b). Therefore, "where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal." *Commonwealth v. Haynes*, 125 A.3d 800, 806–07 (Pa. Super. 2015), *appeal denied*, 140 A.3d 12 (Pa. 2016) (citation omitted). We will exercise our discretion to consider such a petition only if (1) the appellant has filed a timely notice of appeal; (2) she has preserved the sentencing issue at the time of sentencing or in a motion to reconsider and modify her sentence; (3) she presents the issue in a properly framed statement in her brief under Rule 2119(f) of the Rules of Appellate Procedure, pursuant to *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987); and (4) in the words of Section 9781(b), "it appears that there is a substantial

question that the sentence imposed is not appropriate under this chapter." *See Haynes*, 125 A.3d at 807; *Commonwealth v. Zelinski*, 573 A.2d 569, 574-75 (Pa. Super.), *appeal denied*, 593 A.2d 419 (Pa. 1990).

Here, Appellant has satisfied the first and third of these requirements by filing a timely appeal and including in her *Anders* brief a concise statement of the reasons for which she seeks allowance of an appeal, in compliance with Appellate Rule 2119(f). *See Anders* Brief at 4-5. However, Appellant has not satisfied the second requirement because she did not preserve her sentencing challenge in the trial court. In her post-sentence motion, Appellant requested that her sentence be served in a county jail or made concurrent to her other sentences, but she did not argue that the length of her sentence was excessive. Because Appellant's current sentencing claim was not set forth in, or fairly suggested by, her post-sentence motion, it was not properly preserved. *See Commonwealth v. Bromley*, 862 A.2d 598, 603 (Pa. Super. 2004); *see also* Pa.R.A.P. 302.

Even if Appellant had met the prerequisites for the exercise of our jurisdiction to consider her sentencing issue, she would not be entitled to relief. Appellant frames her issue as presenting a "substantial question" under the Sentencing Code because she argues that the trial court failed to consider the factors set forth in Section 9721(b), which requires the sentencing court to "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the

public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Such an argument raises a substantial question. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*) ("[a]rgument that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question" (citation omitted)), *appeal denied*, 104 A.3d 1 (Pa. 2014). But Appellant's argument is without merit.

We will disturb a sentence only if the trial court abused its discretion in imposing it. As we have frequently stated:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citation omitted). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013) (citation omitted).

- 7 -

Here, the trial court stated:

This is the ninth time you've been convicted of retail theft, which I'd love to know how many times you pilfered from establishments when you never got caught.

All these threats that we give to people for shoplifting and if you get caught again, this is what's going to happen to you. If I let [you] go, that's all meaningless . . . A message has to be sent to the community. First of all, if you do shoplift, especially from places like Gabriel's or Walmart – you've probably been caught there a few times; right – you will get caught. Okay? And I can't let you keep doing this anymore. It's just not going to happen.

All right, the sentence of this Court, ma'am, and this is a standard range sentence, is that you serve from one to two years in a state correctional facility. You will get – be given credit for your time served. I believe [you] would be RRRI eligible, unless there's something else in [your] past record that would indicate that [you] wouldn't be; but we'll order that you engage in retail theft diversion program.

N.T. Hr'g at 12-14; *see also Anders* Brief at 8. Thus, the trial court considered Appellant's character by referencing her prior history of retail theft, and it considered her rehabilitative needs and the impact of her actions on the community and public. Therefore, the trial court properly considered the factors set forth in Section 9721(b). *See Schutzues*, 54 A.3d at 99. In addition, we have reviewed the certified record consistent with *Flowers*, 113 A.3d at 1250, and have discovered no additional arguably meritorious issues. Accordingly, the trial court did not abuse its discretion when imposing Appellant's sentence, and we therefore affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/25/2017</u>